EL PUEBLO DE PUERTO RICO, demandante y apelado, v. NICOLÁS CONCEPCIÓN FONSECA, acusado y apelante.

*Número:* CR-72-118      *Resuelto:* 7 de mayo de 1973

*José E. Hernández Rodríguez,* abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino, y Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El Juez Superior, Hon. Antonio Rivera Brenes, declaró al apelante incurso en desacato y le impuso diez dólares de multa. El desacato consistió según la orden del magistrado en lo siguiente: "Por no haber comparecido a este Tribunal el día 10 de abril de 1970 al acto del juicio contra Eduardo Pérez Santana por un delito de falsificación,

---

Crim. núm. G. 66-1609 a pesar de haber sido citado debidamente."

La citación supuestamente desobedecida ordenaba al apelante a comparecer el día 10 de abril de 1970 ante el Tribunal General de Justicia, Tribunal Superior de San Juan / Criminal. La citación para comparecer a la vista del desacato, además de la información antes mencionada, indicaba "Avenida Roberto H. Todd, Pda. 18, Santurce."

En su defensa el apelante declaró que es comerciante; que fue citado para comparecer el 10 de abril de 1970 y que compareció como a las nueve y media de la mañana. Explicó que compareció a esa hora y no a las 8:30 A.M. como decía la citación porque ésta decía Sala de San Juan y no decía Roberto H. Todd y que por eso se dirigió a San Juan, no encontró la Sala y un policía le dijo que viniera al tribunal de la Parada 18; que así lo hizo y al llegar le explicó al alguacil Marrero Gines la equivocación. Declaró a preguntas del fiscal que anteriormente había comparecido al tribunal de la Parada 18 en relación con el mismo asunto pero que una vez lo citaron para San Juan para acusar al señor Eduardo Pérez Santana; que confundió la ruta porque no está acostumbrado a ir a las cortes y hay veces que citan para San Juan y él fue donde decía la citación; que su padre le dijo que era en San Juan.

Al preguntarle el magistrado al fiscal si quería hacer alguna pregunta, éste se manifestó así:

"Ninguna. Solamente quería señalar que el alguacil Marrero me mostró la hoja de asistencia y en efecto este acusado llegó al Tribunal aunque tarde, pero llegó y la verdad es que muchas veces los testigos se confunden porque la vista preliminar se suspende una, dos o tres veces y no saben. Nos ha pasado muchas veces que van allá y de allá los refieren aquí. El había venido varias veces a la Fiscalía y había estado cooperando en este caso."

Si bien los hechos de este caso no son similares a los del caso de *Pueblo* v. *Escalera*, 95 D.P.R. 148 (1968), la doc-

trina allí sentada es de aplicación aquí. Dijimos en dicho caso a la pág. 153, "La Ley de 1ro. de marzo de 1902, según enmendada posteriormente, faculta al tribunal para castigar por desacato, entre otros casos, por 'la obstinada desobediencia, u oposición intentada o realizada contra cualquier decreto, mandamiento u orden legal expedido ó dictado por algún tribunal en un pleito o proceso de que estuviere conociendo . . . .' Aunque los tribunales de jurisdicción general tienen facultad inherente para castigar por desacato—*De Torres* v. *Corte,* 58 D.P.R. 515, 525 (1941)—puede decirse que la Ley de 1ro. de marzo de 1902 antes citada, cubre los actos imputados al apelante. Bien sea en uno u otro caso, en el desacato criminal debe estar presente la intención criminal del acusado. No toda desobediencia a una orden del tribunal constituye desacato criminal si en la desobediencia falta el elemento de la intención. *Yates* v. *United States,* 316 F.2d 718; *Goldfine* v. *United States,* 268 F.2d 941; *United States* v. *De Simone,* 267 F.2d 741; Moore's *Federal Practice,* Vol. 8, § 42.04(3)."

La prueba considerada por el juez sentenciador denota ausencia de la intención de desobedecer la orden de citación. No revela dicha prueba una obstinada desobediencia u oposición intentada a la referida orden de citación. La explicación que dio el apelante de su tardanza en llegar al tribunal, no es ciertamente una mera excusa inventada *a posteriori* para librarse del desacato pues, como ya hemos indicado, el apelante compareció al tribunal en la fecha señalada en la orden de citación y explicó a uno de los alguaciles las razones de su demora, hecho este admitido por el fiscal en corte abierta. No hay motivos para dudar de las aseveraciones del apelante explicando su demora en comparecer al tribunal pues según aseguró el fiscal, el apelante ". . . había venido varias veces a la Fiscalía y había estado cooperando en este caso."

La tardanza del apelante en comparecer al tribunal, explicada razonablemente, como lo fue, no es conducta constitutiva

de desacato, *por lo que procede se revoque la sentencia apelada y se dicte otra obsolviendo a dicho apelante.*