Rivera Pérez, Juez Ponente
*879 TEXTO COMPLETO DE LA SENTENCIA
Mediante el presente recurso se solicita de esta Curia la expedición del auto y la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo, el 25 de junio de 1999, notificada a las partes el 6 de julio de 1999. En el referido dictamen, el Tribunal encontró al demandado, aquí peticionario, señor Enrique López Cotto, incurso en desacato civil por incumplimiento con la pensión alimentaria entre ex-cónyuges que está obligado a pagar para beneficio de la parte demandante, aquí recurrida, señora Sandra López Ríos, ordenando su arresto y encarcelación hasta que dicha parte satisfaciera la deuda en cuestión. No estando conforme con la anterior decisión, la parte aquí peticionaria acude ante nos. Se expide el auto solicitado y se confirma la resolución recurrida.
I
Según se desprende de nuestro expediente, las partes contrajeron matrimonio el 28 de diciembre de 1987, y procrearon un hijo, actualmente menor de edad, de nombre Sebastián López. Luego de que la demandante, aquí recurrida, presentara demanda de divorcio contra el aquí peticionario, el 24 de mayo de 1996 el Tribunal de Primera Instancia dictó sentencia de divorcio imponiéndole al aquí peticionario el pago de una pensión alimenticia para beneficio de su hijo menor, Sebastián López, ascendente a la cantidad de trescientos cincuenta *880 dólares ($350). 
El 25 de febrero de 1997 la parte demandante, aquí recurrida, señora Sandra López Ríos, presentó ante el Tribunal de Primera instancia una “Moción Solicitando Pensión Ex-cónyuge”. En la misma ésta alegó que, como consecuencia de un accidente automovilístico, había quedado incapacitada, no contando con ingresos suficientes para sufragar los gastos necesarios para subsistir. Expuso, que el demandado, aquí recurrido, señor Enrique López Cotto, se encontraba en aptitud económica para proveer los alimentos necesitados por la demandante, aquí recurrida. Solicitó se le impusiera al demandado, aquí peticionario, una pensión alimentaria para beneficio de la aquí recurrida ascendente a la cantidad de cuatrocientos dólares ($400) mensuales. Luego de que la parte aquí peticionaria se opusiera a la referida petición el 25 de abril de 1997, las partes presentaron ante el Tribunal de Primera Instancia un escrito suscrito bajo juramento titulado “Estipulación”. En el mismo, las partes acordaron: (a) que a partir del 1 de mayo de 1997 el demandado, aquí peticionario, pagaría la suma de doscientos dólares ($200) mensuales por concepto de pensión alimentaria para beneficio de la parte demandante, aquí recurrida; y (b) que la parte aquí peticionaria pagaría la cantidad de quinientos dólares ($500) por concepto de honorarios de abogado, los cuales serían pagaderos a partir de los noventa (90) días siguientes al 1 de mayo de 1997. El 28 de mayo de 1997, notificada a las partes el 10 de junio de 1997, el Tribunal de Primera Instancia, Sala Superior de Fajardo, emitió resolución aprobando el referido acuerdo. 
El 11 de mayo de 1998, la parte demandante, aquí recurrida, señora Sandra López Ríos, presentó un escrito titulado “Moción Solicitando Desacato e Imposición de Honorarios de Abogado e Informativa”. En ésta expuso que desde el mes de octubre de 1997 la parte aquí peticionaria había incumplido su obligación de proveer alimentos a la aquí recurrida, conforme fue estipulado por las partes y aprobado por el Tribunal en su resolución de 28 de mayo de 1997. Solicitó la parte demandante, aquí recurrida, que en atención a ello se citara a la parte aquí peticionaria para que expusiera las razones, si alguna, por la cual no debía ser hallado incurso en desacato.
Así las cosas, surgieron varios incidentes procesales relacionados a una solicitud que hiciera la parte aquí peticionaria, a los efectos de que se prorratearan y modificaran las pensiones alimentarias que éste está obligado a pagar para beneficio de sus cuatro (4) hijos menores de edad. El 17 de febrero de 1999, la parte demandante, aquí peticionaria, presentó ante el Tribunal de Primera Instancia una “Moción Reiterando Imposición de Desacato y Honorarios de Abogado”. El 5 de marzo de 1999, la parte demandada, aquí recurrida, presentó una “Moción Solicitando Relevo Pensión de Ex-cónyuge”. En la misma expuso, que luego de suscribir con la aquí recurrida la estipulación sobre pensión alimentaria entre ex-cónyuges, había sufrido una merina en sus ingresos y que además le había sido impuesta una nueva obligación de pago de pensión alimentaria para beneficio de una de sus hijas, menor de edad. Alegó, que la condición física de la demandante, aquí recurrida, no le impedía laborar en su profesión. Solicitó del foro recurrido el relevo del cumplimiento de la pensión de ex-cónyuge en cuestión. Tal moción fue declarada no ha lugar por el Tribunal de Primera Instancia, mediante resolución de 17 de marzo de 1999. 
Luego de que la vista sobre desacato fuera suspendida en al menos siete (7) ocasiones, finalmente el 18 de mayo de 1999 la misma se llevó a cabo, presentando ambas partes tanto prueba testifical como documental. El 25 de junio de 1999, el Tribunal de Primera Instancia, Sala Superior de Fajardo, emitió resolución encontrando al demandado, aquí peticionario, incurso en desacato civil y ordenando su arresto y encarcelamiento hasta que satisfaciera la deuda de cuatro mil doscientos dólares ($4,200) por concepto de los pagos atrasados de la pensión de ex-cónyuge en cuestión, y la cantidad de mil quinientos dólares ($1,500) por concepto de honorarios de abogado. De esta forma se ordenó la expedición de la orden de arresto y encarcelamiento por la suma total de cinco mil setecientos dólares ($5,700). Inconforme con la anterior decisión, la parte demandada, aquí peticionaria, señor Enrique López Cotto, acude ante nos señalando como errores cometidos por el Tribunal de Primera Instancia los siguientes:

*881
“A. ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR AL PETICIONARIO INCURSO EN DESACATO CIVIL Y ORDENAR SU ARRESTO Y ENCARCELAMIENTO EN VIOLACION DEL DERECHO CONSTITUCIONAL SIN HABERLE CONCEDIDO UN PLAN DE PAGO.

B. ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL ADJUDICARLE A UNA PENSION DE EXCONYUGE UNA PROTECCION MAYOR A LA PENSION DE CUATRO HIJOS MENORES DE EDAD.

C. ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL INCLUIR LOS HONORARIOS DE ABOGADO COMO PARTE DE LA CANTIDAD A PAGAR SO PENA DE ARRESTO Y ENCARCELAMIENTO. ”

II
De manera reiterada se ha señalado jurisprudencialmente que los tribunales de justicia poseen un poder inherente para condenar por desacato, ya sea con el fin de hacer cumplir sus sentencias, conservar el orden en los procedimientos y/o castigar la desobediencia o resistencia contumaz a sus órdenes y decretos. Tal poder es uno basado en el sano principio de que la observancia de las órdenes de los tribunales, por parte de aquellos contra quienes van dirigidas, es de cardinal importancia para la administración de la justicia y protección de los derechos de la ciudadanía. De forma mas precisa se ha señalado que nuestros tribunales tienen completo poder para sancionar por medio de desacato civil el incumplimiento del pago de pensiones alimentarias. En casos de alimentos el procedimiento de desacato civil va dirigido exclusivamente contra aquella parte sobre la cual se ha determinado que pesa la obligación de satisfacer una pensión alimentaria. De esta manera se impone una penalidad por término indefinido, la cual será efectiva hasta tanto el demandado cumpla con su obligación primaria de pasar alimentos. La naturaleza reparadora del desacato civil ha dado paso a que se reconozcan los casos de alimentos como excepciones a la prohibición constitucional contra el encarcelamiento por deuda. En éstos, sin embargo, no procederá la imposición del desacato cuando el obligado logra demostrar una causa justificada para su incumplimiento. En tal situación, el alimentista tendrá el peso de la prueba. En Díaz Aponte v. Comunidad San José, supra, se señaló que:
“Una vez determinada la legitimidad del desacato civil el obligado tiene a su haber la facultad de evitar ser encarcelado indefinidamente si logra demostrar una causa justificada para su incumplimiento, paga el importe adeudado, o se encuentra detenido por un tiempo suficiente [mente ] largo como para que, demuestre que mediante su reclusión no pueden obligarle a cumplir su orden. ” (Citas omitidas.)
En el caso de autos, la parte demandada, aquí peticionaria, señor Enrique López Cotto, en la estipulación que suscribiera con la aquí recurrida, se obligó a pasar una pensión alimentaria a ésta. Dicho acuerdo fue debidamente aprobado por el foro recurrido, mediante resolución de 28 de mayo de 1997. El Tribunal de Primera Instancia, luego de celebrar una vista en sus méritos y aquilatar la prueba testifical y documental allí vertida, concluyó que la parte demandada, aquí peticionaria, nunca tuvo la intención de cumplir con la obligación contenida en tal acuerdo. Por otro lado, el foro recurrido determinó que, como cuestión de hecho y de derecho, en el caso de autos no estaba presente elemento alguno que demostrara un cambio sustancial en las circunstancias o en la capacidad económica del demandado que justificara el incumplimiento con la pensión alimentaria en cuestión. Más aún, el tribunal a quo determinó, como cuestión de hecho, que: “El incumplimiento del demandado/promovido estriba en éste no querer cumplir con la Sentencia y Resolución emitidas por este Tribunal”. Con tales determinaciones de hechos este Tribunal no intervendrá, ya que no se ha demostrado que para arribar a las mismas el foro recurrido haya incurrido en pasión, prejuicio, parcialidad o error manifiesto. 
En cuanto al planteamiento de la parte aquí peticionaria, a los efectos de que como cuestión de derecho procedía que en el caso de autos el tribunal a quo estableciera un plan de pago, en lugar de ordenar su *882 encarcelamiento por haber incurrido en desacato civil, no le asiste la razón. La referida alternativa de ofrecerle al alimentante el beneficio de pagar los atrasos en una pensión alimentaria, es una que puede ser utilizada por el Tribunal de Primera Instancia, discrecionalmente, en aquellos casos en que considere que tal medida es la más apropiada para lograr el pago de lo adeudado. No obstante, en un caso como el de autos, donde el tribunal a quo determinó que la razón para el incumplimiento en cuestión se debió única y exclusivamente a la falta de voluntad del aquí peticionario de cumplir con su obligación, somos de la opinión que la medida de encarcelamiento por desacato civil constituye una manera más efectiva de lograr el objetivo de que pague la totalidad de los alimentos adeudados.
Por otro lado, el planteamiento referente a la improcedencia de que se incluyera la cuantía adeudada por el aquí peticionario por concepto de honorarios de abogado dentro de lo que debe de pagar so pena de ser hallado incurso en desacato civil, es una carente de méritos. Como parte de las estipulaciones que el aquí peticionario efectuara respecto a la pensión alimentaria, éste se obligó al pago de los honorarios de abogado en cuestión. En la medida en que el foro recurrido impartió su aprobación a la misma, mediante la resolución del 28 de mayo de 1997, la parte aquí peticionaria conocía que de incumplir los términos allí acordados, estaría sujeto a que los mismos fueran exigidos por el Tribunal de Primera Instancia de la manera que dicho foro estimara como más efectiva para hacer cumplir sus órdenes, fuere encarcelamiento por desacato civil o cualquier otra.
Así, habiéndose determinado: (a) que la parte demandada, aquí peticionaria, incumplió con su obligación de pagar la pensión alimentaria en cuestión; (b) que tal incumplimiento fue uno intencional; y (c) que no existía una razón de peso que justificara el referido incumplimiento, resulta obligatorio concluir que no cometió error el Tribunal de Primera Instancia al encontrarlo incurso en desacato, más aún, luego de evaluar con detenimiento la totalidad del expediente del caso de autos, somos de la opinión que el mismo refleja una situación en donde la parte peticionaria ha abusado de los procedimientos y mecanismos judiciales utilizándolos para evadir su obligación de pasar alimentos a su ex-cónyuge, la aquí recurrida, señora Sandra López Ríos.
ni
Por los fundamentos antes expuestos, se expide el auto solicitado, se confirma la resolución recurrida y se ordena al Tribunal de Primera Instancia emitir inmediatamente una nueva orden de arresto y encarcelamiento contra el demandado, aquí peticionario, señor Enrique López Cotto.
Notifíquese por telefax al Tribunal de Primera Instancia, Sala Superior de Fajardo, y por la vía ordinaria a todas las partes y a dicho Tribunal.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 44
1. Ello en virtud de una estipulación que las partes efectuaran y que fuera aprobada por el Tribunal de Primera Instancia mediante resolución de 15 de marzo de 1996.
2. Apéndice XI, págs. 49-50, del “Escrito en Cumplimiento de Orden” presentado por la parte demandada, aquí recurrida.
3. Apéndice XII, pág. 51, Ibid.
4. Apéndice II, págs. 22-23, del escrito de certiorari.
*883 5. Apéndice III, pág. 24, Ibid.
6. Apéndice V, págs. 31-32, Ibid.
7. Apéndice LUI, págs. 153-176, del “Escrito en Cumplimiento de Orden” presentado por la parte demandada, aquí recurrida.
8. Apéndice LVI, págs. 182-183, Ibid.
9. Apéndice LVH, pág. 184, Ibid.
10. Apéndice I, págs. 1-21, del escrito de certiorari.
11. Pueblo v. Pérez Díaz, 99 D.P.R. 788, 801, (1971); Pueblo v. García Rivera, 103 D.P.R. 547, 551 (1975); Pueblo v. Santiago Lavandero, 108 D.P.R. 677, 654 (1979); Pueblo v. Lamberty González, 112 D.P.R. 79, 81 (1982); Pérez Pascual v. Vega Rodríguez, 124 D.P.R. 529, 535 (1989); Srio. D.A.C.O. v. Comunidad San José, Inc. 130 D.P.R. 782, 804 (1992), Pabón Rodríguez, Ex parte, 132 D.P.R. _ (1993), 93 J.T.S. 31, Opinión de 9 de marzo de 1993, pág. 10468.
12. Srio D.A.C.O. v. Comunidad San José, Inc., supra; Pabón, Ex parte, supra.
13. Piñeiro Crespo v. Gordillo Gil, 122 D.P.R. 246 (1988).
14. Estado Libre Asociado de Puerto Rico v. Asociación de Auditores, _ D.P.R. _ (1999); 99 J.T.S. 25, Opinión de 11 de marzo de 1999.
15. Díaz Aponte v. Comunidad San José, 130 D.P.R. 782 (1992).
16. Ibid.
17. Ibid.
18. Quiñones López v. Manzano Pozas, 141 D.P.R. _ (1996); 96 J.T.S. 95, Opinión de 25 de junio de 1996.