EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Manuel D. Herrero, como Presidente y en Representación de la Asamblea Municipal de San Juan<br>      Recurrente<br><br>      v.<br><br>Hon. Héctor Luis Acevedo Pérez, Alcalde de San Juan<br>      Recurrido | Solicitud de Revisión<br><br>2000 TSPR 58 |

Número del Caso: RE-1994-0149

Fecha: 04/04/2000

Tribunal de Primera Instancia, Sala Superior de San Juan

Juez: Hon. Arnaldo López Rodríguez

Abogado de la Parte Recuirrente:    Lcdo. Antonio Montalvo Nazario

Abogados de la Parte Recurrida:    Lcdo. Carlos Sánchez La Costa
                                   Lcda. Edna Hernández


Materia: Injunction


      Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Manuel D. Herrero, etc.

    Demandante-recurrente

       v.                      RE-94-149       Revisión

Hon. Héctor Luis Acevedo
Pérez, Alcalde de San Juan

    Demandado-recurrido

SENTENCIA

San Juan, Puerto Rico, a 4 de abril de 2000

I

El Alcalde de San Juan, Hon. Héctor L. Acevedo Pérez y otros funcionarios municipales suscribieron numerosos contratos con agencias gubernamentales, adscritas al gobierno central y el federal, **sin la autorización ni intervención de la Asamblea Municipal**.

El 31 de marzo de 1993, Manuel D. Herrero, como Presidente y en representación de la referida Asamblea Municipal, solicitó un injunction preliminar, permanente y sentencia declaratoria

contra el Alcalde Acevedo Pérez. Cuestionó la suscripción y autorización de veintitrés (23) contratos,[1] -ascendentes a $16,354,484.67-, con diferentes agencias estatales **sin** someterlos para aprobación, mediante Resolución a esos efectos a la Asamblea Municipal.

El 5 de abril de 1993, en Conferencia con Antelación a Vista, el Alcalde Acevedo Pérez aceptó que se otorgaron los contratos mencionados sin la aprobación de la Asamblea, pero adujo varias defensas, incluyendo que algunos de ellos habían expirado. Cuestionó la procedencia de una acción de injunction. Con vista a esa admisión, el Tribunal Superior, Sala de San Juan (Hon. Arnaldo López Rodríguez), determinó que no existían controversias de hecho y resolvería sumariamente según solicitado y otorgó un plazo adicional de dos (2) días para que se presentara por escrito cualquier planteamiento de derecho.

---

[1] Según dos certificaciones del Lcdo. José Roberto Lugo, Secretario de la Asamblea Municipal, los contratos fueron los siguientes:

| | |
|---|---:|
| Depto. Servicios Contra la Adicción | $858,404 |
| Depto. Servicios Sociales | 42,900 |
| Departamento de Salud | 267,704 |
| Depto. Servicios Contra la Adicción | 383,536 |
| Departamento de Salud | 124,736 |
| Depto. Servicios Contra la Adicción | 1,393,283 |
| Departamento de Vivienda | 2,000,000 |
| Departamento de Vivienda | 200,000 |
| Oficina Servicios al Niño (Oficina del Gobernador) | 2,359,781 |
| Departamento de Salud | 12,000 |
| Departamento de Salud | 175,000 |
| Departamento de Salud | 1,600,000 |
| Departamento de Servicios Sociales | 1,500,000 |
| Departamento de Servicios Sociales | 66,000 |
| Depto. Servicios Contra la Adicción | 79,216 |

- - - - -

| | |
|---|---:|
| Depto. Recursos Naturales | $1,400,000.00 |
| Departamento de Salud | 121,191.67 |
| Comisión para Seguridad en el Tránsito | 73,352.00 |
| Comisión para Seguridad en el Tránsito | 38,329.00 |
| Departamento de Justicia | 30,000.00 |
| Universidad de Puerto Rico, Recinto de Ciencias Médicas | 129,052.00 |
| Depto. Servicios Sociales | 1,500,000.00 |
| Departamento de Vivienda | 2,000,000.00 |

El 15 de abril de 1993, notificada el mismo día, el Tribunal dictó Sentencia concluyendo que el Alcalde Acevedo Pérez actuó <u>ultra vires</u> al autorizar contratos con el gobierno central y la erogación de fondos públicos sin la aprobación previa de la Asamblea Municipal. Libró el injunction permanente y ordenó cesar y desistir **inmediatamente** esa práctica.

Así las cosas, subsiguientemente el Alcalde Acevedo Pérez, sin contar con la aprobación de la Asamblea Municipal, otorgó con el Departamento de la Vivienda y Desarrollo Urbano de los Estados Unidos el 28 de abril de 1993 y otro, con el Departamento de Servicios Sociales el 1 de diciembre de 1993.

El 15 de diciembre de 1993, la Asamblea Municipal pidió al Tribunal lo encontrara incurso en desacato. Previa vista, el Tribunal entendió que, conforme el ordenamiento, era innecesario que el Alcalde Acevedo Pérez tuviera que solicitar la aprobación de la Asamblea Municipal para recibir la suma de $1,500,000.00 del Departamento de Servicios Sociales a cambio del Municipio desarrollar un proyecto para realojar ciertas familias del sector Bechara de Puerto Nuevo.[2] Lo eximió de desacato.

Inconforme, acudió ante nos la Asamblea Municipal.[3] Mediante trámite de mostración de causa, revisamos.

---

[2] La Resolución no discutió el contrato con el Departamento de la Vivienda y Desarrollo Urbano federal.

[3] Planteó:

"<u>Primer error</u>:

Erró el Honorable Tribunal de instancia al sustituir el texto del artículo 14.002 de la Ley de Municipios Autónomos por el de una disposición sobre los contratos entre municipios y agencias la cual había sido derogada y reemplazada por el citado artículo. Respetuosamente sostenemos que el Honorable Tribunal revisado incidió al pretender asumir la función legislativa en cuanto a la modificación de los estatutos en cuestión. Ello contribuye a mantener y alentar la violación de la ley.

<u>Segundo error</u>:

Incidió el Honorable Tribunal de instancia al negarse a declarar incurso en desacato a quien admitió la violación del

## II

A la luz de los argumentos de las partes, conforme lo establecido en la Ley de Municipios Autónomos –Núm. 81 de 30 de agosto de 1991, 21 L.P.R.A. sec. 4652–, resolvemos que el contrato suscrito por el Alcalde Acevedo Pérez con el Departamento de Servicios Sociales requería aprobación previa mediante resolución a tales efectos de la Asamblea

---

auto de injunction permanente. El error se magnificó y agravó al emplearse la petición de castigo para reinterpretar la ley y asumir que la Asamblea Legislativa debió redactar un texto distinto al promulgado en ley. En consecuencia resolvió modificar la sentencia para limitar el poder conferido al cuerpo legislativo municipal por la Ley de Municipios Autónomos de Puerto Rico."

Municipal.

Ahora bien, con vista a todas las circunstancias del caso, coincidimos con el tribunal a quo en cuanto a que el Alcalde Acevedo Pérez no debe ser encontrado incurso en desacato por haber otorgado el aludido contrato. Su suscripción podía, según resolvió el Tribunal de Instancia, distinguirse de las actuaciones cubiertas por su orden judicial del 15 de abril de 1993. No habremos de intervenir con el ejercicio de esa discreción.

Por los fundamentos expuestos, se expide el auto y revoca la resolución del Tribunal Superior, Sala de San Juan en  cuanto a su interpretación de que el contrato con el Depto. de Servicios Sociales no exigía la aprobación previa de la Asamblea Municipal. Así modificada, se confirma en cuanto a la improcedencia del desacato.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García emitió Opinión Concurrente; el Juez Asociado señor Rebollo López emitió Opinión Concurrente y el Juez Asociado señor Hernández Denton emitió Opinión Concurrente. El Juez Presidente señor Andréu García no interviene y los Jueces Asociados señores Fuster Berlingeri y Corrada del Río no intervinieron.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Manuel D. Herrero, etc.

　　　Demandante-recurrente

　　　　　v.　　　　　　　　　　RE-94-149　　　Revisión

Hon. Héctor Luis Acevedo
Pérez, Alcalde de San Juan

　　　Demandado-recurrido

　　　Opinión Concurrente del Juez Asociado señor Negrón García

　　　　　San Juan, Puerto Rico a 4 de abril de 2000

　　　　　"El juez es el intérprete por excelencia, ya que realiza una tarea interpretativa con valor decisorio frente al conflicto planteado por las partes. Estamos entonces, frente al verdadero 'inter-pres', es decir el que se coloca entre dos que hablan". Zapata de Tamantini, M. A., Interpretación del Negocio Jurídico, Rev. del Col. de Abogados de la Plata, Año XXVIII, Núm. 48 (1987), pág. 95.

　　　　　Bajo la actual Ley de Municipios Autónomos, ¿viene obligado un Alcalde a presentar ante la Asamblea Municipal los contratos otorgados con agencias estatales, independientemente de si conllevan erogación de fondos municipales?

I

El Presidente de la Asamblea Municipal de San Juan, Sr. Manuel D. Herrero, solicitó un injunction contra el Alcalde de la Ciudad Capital, Hon. Héctor Luis Acevedo Pérez, por haber autorizado varios contratos con agencias del gobierno central sin referirlos a la Asamblea Municipal para su aprobación. Sostuvo que la erogación de fondos públicos ascendía a más de $10,000.000.00 y era ilegal.

El Alcalde Acevedo Pérez aceptó haber otorgado los contratos sin someterlos a la Asamblea Municipal. El 15 de abril de 1993, el Tribunal Superior, Sala de San Juan (Hon. Arnaldo López Rodríguez), dictó sentencia declarando con lugar la demanda. Resolvió que "el señor Alcalde de la Ciudad Capital ha actuado ultra vires al otorgar contratos con agencias del gobierno central y autorizar la erogación de fondos públicos en virtud de éstos sin que los contratos hayan sido aprobados mediante resolución por la Asamblea Municipal".

Posteriormente, la Asamblea Municipal, en solicitud de desacato, nuevamente imputó al Alcalde Acevedo Pérez continuar esa práctica.[4]

Mediante resolución dictada con el fin de aclarar el alcance de su sentencia, el ilustrado tribunal denegó el desacato. Sostuvo que no se requería aprobación en aquellos casos donde el Municipio entraba en un acuerdo con agencias del gobierno federal o central para recibir fondos, si no necesitaban ser apareados con fondos municipales.

No conforme, acudió a este foro el Presidente de la Asamblea Municipal en revisión.[5]

---

[4] En específico, la Asamblea impugnó el contrato otorgado entre el Municipio y el Departamento de Servicios Sociales, mediante el cual el Municipio se comprometió a desarrollar un proyecto de viviendas para los residentes del Sector Bechara de Puerto Nuevo, a cambio de una transferencia de $1,500,000.00 por dicho Departamento.

[5] Sus señalamientos son:

Primero: "Erró el Honorable Tribunal de instancia al sustituir el texto del Artículo 14.002 de la Ley de Municipios Autónomos por el de una disposición sobre los contratos entre municipios y agencias la cual había sido derogada y reemplazada por el citado artículo. Respetuosamente sostenemos que el

II

El texto del Art. 14002 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4652, es <u>claro</u>. De manera inequívoca establece el requisito de la aprobación previa del cuerpo legislativo municipal de <u>todo convenio</u> otorgado entre el municipio y agencias gubernamentales, estatales o federales. <u>No hay excepciones</u>.

Este precepto tiene su génesis en el Art. 12.05 de la anterior Ley Municipal,[6] que en lo <u>pertinente</u> <u>disponía</u>:

"Sobre convenios

<u>El Alcalde, con la autorización de la Asamblea, podrá concertar convenios con</u>:

a) los departamentos, agencias, corporaciones públicas o cualquier dependencia de los Gobiernos Federal y Estatal para la ejecución por éstos y/o el municipio, de cualquier obra o mejora pública municipal, estatal o federal o de cualquier corporación pública <u>que sea costeada, en todo o en parte, con fondos municipales</u>."  (Enfasis suplido).

Se aprecia pues, que su lenguaje cubría <u>todo contrato</u> otorgado por el Alcalde si mediaba erogación de fondos municipales. Ante esa eventualidad debía ser sometido a la Asamblea Municipal para aprobación final.

No obstante, la ley vigente –Núm. 81 de 30 de agosto de 1991–, que <u>derogó</u> la antigua Ley Municipal, en su Art. 14002 dispuso:

"El <u>municipio</u> podrá contratar con cualquier agencia del gobierno central o del gobierno federal para realizar por su propia administración o mediante contrato cualquier estudio, trabajo, obras o mejoras públicas de cualquier agencia pública del gobierno central o del gobierno federal o <u>para que las agencias del gobierno central</u> o del gobierno municipal

---

Honorable Tribunal revisado incidió al pretender asumir la función legislativa en cuanto a la modificación de los estatutos en cuestión.  Ello contribuye a mantener y alentar la violación de la ley."

<u>Segundo</u>: "Incidió el Honorable Tribunal de instancia al negarse a declarar incurso en desacato a quien admitió la violación del auto de injunction permanente. El error se magnificó y agravó al emplearse la petición de castigo para reinterpretar la ley y asumir que la Asamblea Legislativa debió redactar un texto distinto al promulgado en ley. En consecuencia resolvió modificar la sentencia para limitar el poder conferido al cuerpo legislativo municipal por la Ley de Municipios Autónomos de Puerto Rico."

[6] Ley Núm. 146 de 18 de junio de 1980.

desarrollen o lleven a cabo para el municipio cualquier estudio, trabajo, obra o mejora pública municipal. Asimismo, podrá otorgar contratos con dichas agencias y con cualquier otro municipio para el desarrollo, administración y operación en forma conjunta, coordinada o delegada de facilidades para la prestación de servicios al ciudadano.

También cualquier municipio podrá contratar con otros municipios para realizar conjuntamente cualquier estudio, trabajo o actividad y desarrollar cualquier proyecto, programa, obra o mejora pública, o cumplir con cualquier función o actividad autorizada por ley, o para adquirir conjuntamente servicios, asesoramiento, propiedad o suministros o presentarse cualesquiera otros servicios en común.

Todo contrato que se otorgue de acuerdo con esta sección deberá cumplir con lo siguiente:

a) Ser aprobado mediante resolución al efecto por la Asamblea de cada municipio que sea parte en el contrato..." (Enfasis suplido).

De su faz, a diferencia del anterior precepto, observamos que ahora la facultad se confiere al Municipio, entidad que se compone del Alcalde y la Asamblea; se eliminó todo el texto referente a que la obra o mejora fuese costeada con fondos municipales; y, se dispuso la autorización previa de la Asamblea fuera por Resolución.

III

Ante tan diáfano lenguaje, no hay texto obscuro que interpretar. No podemos convenir con el ilustrado tribunal de instancia de que la ausencia de debate legislativo al respecto es indicativa de una intención de mantener el texto derogado. En recta hermenéutica, es un imperativo decisorio, por no decir lógico, concluir que el silencio y la eliminación de determinado texto revela todo lo contrario, a saber, la intención del Legislador de derogarlo. Es principio fundamental que "si existe un conflicto irreconciliable entre una nueva disposición y estatutos previos referentes a la misma materia, la nueva disposición será la que controle o prevalezca, ya que constituye la última expresión de la legislatura". Díaz v. Srio. de Hacienda, 114 D.P.R. 865, 874 (1983). Conforme el Art. 6 del Código Civil, 31 L.P.R.A. sec. 6, una ley anterior queda tácitamente derogada cuando la nueva contenga preceptos contrarios o irreconciliables.

Aparte de ser textos irreconciliables, la interpretación avalada por el ilustrado tribunal de instancia derrota la política pública plasmada en la más reciente Ley de Municipios Autónomos, de aumentar las facultades fiscalizadoras de la Asamblea Municipal en la erogación de fondos.

También es incorrecto sostener que el contrato entre el Municipio de San Juan y el Departamento de Servicios Sociales, no conlleva erogación de <u>fondos públicos</u> municipales. Recuérdese que dicho Departamento se obligó a <u>transferir</u> la cantidad de un millón quinientos mil dólares ($1,500,000.00) al <u>Municipio de San Juan</u>, <u>no a su alcalde</u>. Esa transferencia conlleva que esos fondos ingresen y formen <u>parte del patrimonio municipal</u>; las finanzas municipales son un <u>todo integral</u>. A fin de cuentas, siguiendo la analogía y enfoque moderno plasmado en la Constitución, estamos ante un concepto de presupuesto municipal dinámico que se nutre, tanto de fuentes estatales como federales. <u>Hernández Torres, et al.</u> v. <u>Hernández Colón, et al.</u>, 129 D.P.R. 824, 849 (1992) –Opinión Disidente, Juez Asociado señor Negrón García–.[7]

ANTONIO S. NEGRÓN GARCÍA
Juez Asociado

---

[7] En lo pertinente allí dijimos:

"Esta sección [7, Art. VI], por primera vez incorpora la frase <u>recursos totales calculados</u>. Según explicación del delegado Luis Negrón López, estos 'son aquellos <u>recursos</u> que se <u>conocen</u> ya porque se sabe cuáles van a ser, tales como ayudas federales, como ingresos fijos como superávit, etc.; <u>y los calculados</u>, los que dependen del producto de las contribuciones y de otros factores, que no se pueden prever al <u>comienzo</u> del año fiscal'. Id., pág. 893.

La Constitución rompió de este modo con el molde riguroso de visualizar la ley de presupuesto como una <u>sola</u> pieza legislativa; se 'contempla la ley de presupuesto general como una ley que englobará <u>todos los presupuestos</u> que va a hacer la Asamblea Legislativa'. Id., pág. 896. Ello respondió a la visión moderna de que la 'formulación de un programa de gobierno conlleva la aprobación de una ley de presupuesto general y <u>de mucha más legislación en adición a esa</u>. Hay leyes que no tienen que ser de asignación necesariamente y, por consiguiente, no tienen que ir en la ley de presupuesto general y que se refieren a la formulación del programa de gobierno. <u>Y hay leyes que asignan fondos que no tienen que ir a la ley de presupuesto general</u> y que forman parte del programa de gobierno que se formula por el poder legislativo'. <u>Id</u>., pág. 898 (énfasis suplido)."

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Manuel D. Herrero, como
Presidente y en representación
de la Asamblea Municipal de
San Juan

    Demandante-recurrente

       v.                RE-94-149        REVISION

Hon. Héctor Luis Acevedo
Pérez, Alcalde de San Juan

    Demandado-recurrido



OPINIÓN CONCURRENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ


San Juan, Puerto Rico, a 4 de abril de 2000


Atendemos --mediante el mecanismo procesal decisorio de la orden de mostrar causa y a la luz de las disposiciones del Artículo 14.002 de la Ley Número 81 del 30 de agosto de 1991, conocida como la Ley de Municipios Autónomos de Puerto Rico-- la interrogante de si es necesario que todo contrato otorgado por un alcalde con cualquier agencia pública del Gobierno de Puerto Rico o del gobierno federal cuente con la aprobación de la asamblea municipal del municipio en controversia, o, si por el contrario, únicamente es necesaria dicha aprobación por parte de la asamblea municipal en relación con aquellos contratos en donde hay una erogación de fondos públicos municipales.

I

Con motivo de una alegada práctica adoptada por el entonces Alcalde de la Ciudad Capital de Puerto Rico, Hon. Héctor Luis Acevedo, de otorgar contratos con agencias gubernamentales locales y federales sin obtener el consentimiento para ello de la Asamblea Municipal de San Juan, el ex-presidente de la misma, Lcdo. Manuel D. Herrero, radicó ante el Tribunal Superior de Puerto Rico, Sala de San Juan, una solicitud de interdicto con el propósito de poner fin a la alegada práctica. Luego de los trámites ordinarios y pertinentes, dicho foro judicial, mediante sentencia de fecha 15 de abril de 1993, libró auto de injunction permanente contra el primer ejecutivo de San Juan y los funcionarios bajo su jurisdicción y supervisión. En la parte dispositiva de dicha sentencia, --la cual advino final y firme-- se dispuso que:

> "Por las anteriores consideraciones, se declara CON LUGAR la demanda y en su consecuencia se libra auto de injunction permanente contra el Alcalde de San Juan, Hon. Héctor Luis Acevedo Pérez y los funcionarios bajo su jurisdicción y supervisión y se les ordena cesar y desistir inmediatamente de continuar otorgando contratos con agencias del gobierno central o del gobierno federal para que lleven a cabo para el Municipio cualquier estudio, trabajo, obra o mejora pública municipal, sin ser aprobados mediante resolución al efecto por la Asamblea Municipal."

Ello no obstante, el 28 de abril de 1993, el referido Alcalde de San Juan firmó un acuerdo con el Departamento de la Vivienda y Desarrollo Urbano de los Estados Unidos mediante el cual la mencionada agencia federal le asignó fondos al Municipio de San Juan para que éste llevara a cabo estrategias de vivienda a través de la adquisición, rehabilitación, construcción de nuevas viviendas, y asistencia en el pago de los arrendamientos, basada esta asistencia en la elegibilidad de los arrendatarios. En vista de ello, el ex-Presidente de la Asamblea Municipal de San Juan acudió ante el foro de instancia en solicitud de que se encontrara incurso en desacato al entonces Alcalde, Hon. Héctor Luis Acevedo.

El tribunal de instancia, mediante resolución de fecha 25 de febrero de 1994, acogió la posición expuesta por el Alcalde de San Juan. Resolvió

que no procedía encontrar incurso en desacato a dicho funcionario municipal, debido al hecho de que, no obstante el claro lenguaje a esos efectos del antes citado Artículo 14.002 de la Ley 81 de 1991, no todos los contratos otorgados por los alcaldes requerían la aprobación de las asambleas municipales; <u>únicamente, según dicho foro judicial, aquellos en que había erogación de fondos públicos municipales</u>. Al así resolver, el foro de instancia expresó que así antes lo disponía el derogado Artículo 1205 de la derogada Ley Orgánica de los Municipios, Ley Número 146 de 18 de junio de 1980, y que era del criterio que la eliminación, por parte del legislador, de dicho lenguaje, al promulgarse la antes citada Ley 81 de 1991, había sido "...una inadvertencia del Legislador".

Inconforme, el Presidente de la Asamblea Municipal de San Juan acudió ante este Tribunal, en revisión de la mencionada sentencia, imputándole al foro de instancia haber errado:

> "...al sustituir el texto del artículo 14.002 de la Ley de Municipios Autónomos por el de una disposición sobre los contratos entre municipios y agencias la cual había sido derogada y remplazada [sic] por el citado artículo. Respetuosamente sostenemos que el Honorable Tribunal revisado incidió al pretender asumir la función legislativa en cuanto a la modificación de los estatutos en cuestión. Ello contribuye a mantener y alentar la violación de la ley."

> "...al negarse a declarar incurso en desacato a quien admitió la violación del auto de injunction permanente. El error se magnificó y agravó al emplearse la petición de castigo para reinterpretar la ley y asumir que la Asamblea Legislativa debió redactar un texto distinto al promulgado en ley. En consecuencia resolvió modificar la sentencia para limitar el poder conferido al cuerpo legislativo municipal por la Ley de Municipios Autónomos de Puerto Rico."

Mediante Resolución, de fecha 9 de mayo de 1994, le concedimos término a la parte demandada recurrida para que mostrara causa:

> "...............................................
> .................por la cual este Tribunal no deba expedir el auto solicitado y dictar Sentencia revocatoria de la emitida por el Tribunal Superior de Puerto Rico, Sala de San Juan."

II

El <u>derogado</u> Artículo 12.5 de la derogada Ley Orgánica de los Municipios <u>disponía</u>, en lo pertinente, que:

> "El Alcalde, con la autorización de la Asamblea, podrá concertar convenios con:
> a) los departamentos, agencias, corporaciones públicas, o cualquier dependencia de los Gobiernos Federal y Estatal para la ejecución por éstos y/o el municipio, de cualquier obra o mejora pública municipal, estatal o federal o de cualquier corporación pública <u>que sea costeada, en todo o en parte, con fondos municipales</u>". (Subrayado nuestro.)

Dicha Ley Orgánica, como expresáramos anteriormente, fue <u>derogada</u> por la antes mencionada Ley de Municipios Autónomos de Puerto Rico. En relación con la controversia hoy ante nuestra consideración, la nueva legislación establece, en el antes citado Artículo 14.002 y en lo pertinente, que:

> "El municipio podrá contratar con cualquier agencia del gobierno central o del gobierno federal para realizar por su propia administración o mediante contrato cualquier estudio, trabajo, obras o mejoras públicas de cualquier agencia pública del gobierno central o del gobierno federal o para que las agencias del gobierno central o del gobierno municipal desarrollen o lleven a cabo para el municipio cualquier estudio, trabajo, obra o mejora pública municipal. Asimismo, podrá otorgar contratos con dichas agencias y con cualquier otro municipio para el desarrollo, administración y operación en forma conjunta, coordinada o delegada de facilidades para la prestación de servicios al ciudadano.
>
> También, cualquier municipio podrá contratar con otros municipios para realizar conjuntamente cualquier estudio, trabajo o actividad y desarrollar cualquier proyecto, programa, obra o mejora pública, o cumplir con cualquier función o actividad autorizada por ley, o para adquirir conjuntamente servicios, asesoramiento, propiedad o suministros o presentarse cualesquiera otros servicios en común.
>
> <u>Todo contrato que se otorgue de acuerdo con esta sección deberá cumplir con lo siguiente</u>:
>
>   a) <u>Ser aprobado mediante resolución al efecto por la Asamblea de cada municipio que sea parte en el contrato</u>..." (Subrayado nuestro.)

Ambas partes coinciden en que el historial legislativo de la nueva Ley de Municipios Autónomos de Puerto Rico <u>no</u> contiene explicación alguna para el cambio decretado; esto es, realmente nadie puede asegurar si ello se debió a un cambio en la política pública del Gobierno, o, por el

contrario, a una omisión o inadvertencia de parte del legislador, como resolvió el foro de instancia.

No hay duda que la ausencia de explicación en el historial legislativo de la medida, da base para que se pueda especular. Se podría sostener, con mucha lógica, que en vista del hecho que la nueva legislación le concede unos poderes, nunca antes otorgados, a los alcaldes, el legislador entendió procedente establecer un sistema de fiscalización, por parte de las asambleas municipales, más estricto. Tampoco, por otro lado, resulta ilógica la posición sostenida por el Alcalde recurrido, refrendada por el tribunal de instancia, a los efectos de que sólo se justifica la fiscalización, por parte de la asamblea municipal, en casos en que hay erogación de fondos públicos municipales y no en situaciones donde el municipio no tiene que desembolsar dinero.

Somos del criterio, sin embargo, que, aun en casos en que no hay erogación de dinero público, resulta conveniente que la asamblea municipal pase juicio sobre la otorgación de contratos. A manera de ejemplo, podría darse la situación en que el alcalde de determinado municipio tuviera la opción, y obligación, de escoger entre diferentes planes, o programas, federales, ninguno de los cuales conllevaría la erogación de fondos públicos municipales. La asamblea municipal, a nuestro juicio, podría diferir del alcalde de un municipio en particular en cuanto a cuál programa resulta más beneficioso para dicho municipio. Después de todo, el bienestar general de los ciudadanos de un municipio es responsabilidad ineludible tanto del alcalde como de la asamblea municipal del mismo.

No obstante todo lo antes expresado, a nuestro juicio resulta claro el curso judicial a seguir en el presente caso. Sabido es que cuando la "...ley es clara [y] libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu".[8] Colegio Internacional SEK de P.R., Inc. v. Escribá, Opinión y Sentencia de 5 de

---

[8] Artículo 14 del Código Civil de P.R.; 31 L.P.R.A. sec. 14.

abril de 1994[9]; <u>Calderón Morales</u> v. <u>Adm. de los Sistemas de Retiro</u>, Opinión y Sentencia de 26 de febrero de 1992[10]; <u>Rojas</u> v. <u>Méndez & Co.</u>, 115 D.P.R. 50, 53 (1984); <u>Rodríguez</u> v. <u>Fidelity Bond Mortgage Corp.</u>, 108 D.P.R. 156 (1978).

Precisamente debido a ello es que los tribunales de justicia únicamente están autorizados a interpretar las leyes "...cuando, entre otras, éstas no son claras o concluyentes sobre un punto en particular; cuando el objetivo, al realizarlo, es el de suplir una laguna de la misma; o cuando, con el propósito de mitigar los efectos adversos de la aplicación de una ley a una situación en particular, la justicia así lo requiere..." <u>Calderón Morales</u> v. <u>Adm. de los Sistemas de Retiro</u>, ante; <u>Pueblo</u> v. <u>Ortega Santiago</u>, Opinión y Sentencia de 23 de enero de 1990.[11]

En otras palabras, la facultad para, o la función judicial de, interpretar las leyes no significa que tengamos autoridad para sustituir la clara expresión legislativa sobre un asunto en particular. <u>Roig Commercial Bank</u> v. <u>Buscalglia, Tesorero</u>, 74 D.P.R. 986 (1953).

A base de todo lo antes expuesto es que concurrimos con la Sentencia mayoritaria emitida en su conclusión de que, conforme expresamente lo establece el antes citado Artículo 14.002 de la Ley de Municipios Autónomos de P.R., <u>todo</u> contrato que otorgue un alcalde debe ser aprobado por la asamblea municipal del municipio en cuestión, <u>independientemente del hecho de que el mismo conlleve o no la erogación de fondos públicos municipales</u>.

### III

Debemos, además, pasar juicio sobre si el señor Alcalde de San Juan, Hon. Héctor Luis Acevedo, debe o no ser encontrado incurso en desacato por haber otorgado un contrato en violación de la sentencia que emitiera

---

[9]  94 J.T.S. 46.

[10]  92 J.T.S. 21.

[11]  90 J.T.S. 12.

el foro de instancia de fecha 15 de abril de 1993. <u>Contestamos en la</u> <u>negativa</u>. No hay duda de que, atendidos los hechos particulares del presente caso, resulta meridianamente claro que el Lcdo. Acevedo <u>no</u> tuvo intención alguna de violar los términos de dicha sentencia. <u>Pueblo</u> v. <u>García Rivera</u>, 103 D.P.R. 547, 551 (1975); <u>Pueblo</u> v. <u>Concepción Fonseca</u>, 101 D.P.R. 357, 359 (1973). El Lcdo. Acevedo entendió que, conforme los términos de la referida sentencia, él podía otorgar contratos, sin el consentimiento de la Asamblea Municipal, en aquellas situaciones que no envolvieran erogación de fondos públicos municipales. La "mejor evidencia" de la ausencia de intención a esos efectos por parte del Alcalde Acevedo lo constituye el hecho de que el tribunal de instancia -- aun cuando equivocadamente-- refrendó su posición.


                    FRANCISCO REBOLLO LOPEZ
                        Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Manuel D. Herrero, como
Presidente y en representación
de la Asamblea Municipal de
San Juan

    Demandante-recurrente

  v.                                RE-1994-149     REVISION

Hon. Héctor Luis Acevedo
Pérez, Alcalde de San Juan

    Demandado-recurrido

Opinión Concurrente emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 4 de abril de 2000.

Estamos conformes con el criterio mayoritario de este Tribunal en que el contrato suscrito el 1 de diciembre de 1993 entre el entonces Alcalde de San Juan, Héctor L. Acevedo Pérez y el Departamento de Servicios Sociales requería la aprobación previa de la Asamblea Municipal de San Juan. También estamos conformes con la conclusión de que a la luz de las circunstancias del presente caso, el ex Alcalde municipal Acevedo Pérez no debe ser encontrado incurso en desacato por haber otorgado el aludido contrato sin la intervención de la Asamblea Municipal. Sin embargo, estimamos oportuno expresarnos en torno al alcance de la obligación estatutaria que contiene el Art. 14.002 de la Ley de Municipios Autónomos.

I.

Nuestra lectura de la Ley de Municipios Autónomos, Ley Núm.81 de 30 de agosto de 1991, 21 L.P.R.A. secs. 4001 et seq. nos convence de que el requisito de aprobación previa por parte de la Asamblea Municipal establecido en el Artículo 14.002 de dicha Ley, 21 L.P.R.A. Sec. 4652, no se limita solamente a los contratos en los cuales se provee para la utilización de fondos públicos municipales. Sin embargo, consideramos que no se requiere aprobación previa de la Asamblea Municipal en todos los contratos que otorga un Alcalde.

**El Art. 14.002 menciona claramente los contratos a los cuales aplica específicamente este requisito:**

El municipio podrá contratar con cualquier agencia del gobierno central o del gobierno federal para realizar por su propia administración o mediante contrato cualquier estudio, trabajo, obras o mejoras públicas de cualquier agencia pública del gobierno central o del gobierno federal o para que las agencias del gobierno central o del gobierno municipal desarrollen o lleven a cabo para el municipio cualquier estudio, trabajo, obra o mejora pública municipal. Asimismo, podrá otorgar contratos con dichas agencias y con cualquier otro municipio para el desarrollo, administración y operación en forma conjunta, coordinada o delegada de facilidades para la prestación de servicios al ciudadano.

También, cualquier municipio podrá contratar con otros municipios para realizar conjuntamente cualquier estudio, trabajo o actividad y desarrollar cualquier proyecto, programa, obra o mejora pública, o cumplir con cualquier función o actividad autorizada por ley, o para adquirir conjuntamente servicios, asesoramiento, propiedad o suministros o prestarse cualesquiera otros servicios en común.

Todo contrato que se otorgue de acuerdo con esta sección deberá cumplir con lo siguiente:

(a) Ser aprobado mediante resolución al efecto por la Asamblea de cada municipio que sea parte del contrato. Los contratos con agencias públicas serán aprobados por el jefe ejecutivo u oficial de mayor jerarquía de la misma, con sujeción a las disposiciones de ley que le sean de aplicación. Cuando el contrato implique un compromiso u obligación de transferir al municipio o invertir una cantidad mayor a la aprobada en el presupuesto de la agencia para la realización o ejecución de la actividad objeto del contrato, será necesaria la aprobación del Gobernador de Puerto Rico. (Enfasis suplido).

De esta forma, se exige la aprobación previa de la Asamblea Municipal cuando: (1) el municipio se obliga a realizar por sí mismo o por contratación cualquier estudio, trabajo, obras o mejoras públicas para cualquier agencia pública del gobierno central o del gobierno

federal; (2) tales agencias se obligan a realizar cualquier estudio, trabajo, obra o mejora pública para el municipio; (3) el municipio coordina con otro municipio o con las mencionadas agencias el desarrollo, administración y operación de facilidades para prestar servicios al ciudadano; o (4) uno o más municipios contratan para prestarse servicios entre sí.[12] Según surge de lo anterior, el Art. 14.002 aplica en circunstancias en que la contratación ocurre entre municipios, o entre éstos y agencias del gobierno central o del gobierno federal. Estos acuerdos representan tan solo una parte de los contratos que generalmente tienen que suscribir los alcaldes en representación de sus municipios. De hecho, la Ley de Municipios Autónomos expresamente faculta a los alcaldes a "contratar los servicios profesionales, técnicos y consultivos necesarios, convenientes o útiles para la ejecución de sus funciones, deberes y facultades y para la gestión de los asuntos y actividades de competencia o jurisdicción municipal, incluyendo contratos contingentes." 21 L.P.R.A. Sec. 4109(r). Este tipo de contratación podría quedar al margen de la obligación contemplada en el Art. 14.002 de la Ley de Municipios Autónomos.

Por ende, nuestra posición en el presente caso excluye una interpretación que tenga el efecto de ampliar el alcance de la disposición estatutaria hoy en controversia, de forma tal que se restrinja la facultad del alcalde de efectuar contrataciones y debilite gravemente el poder ejecutivo en los municipios.


FEDERICO HERNÁNDEZ DENTON
Juez Asociado


---

[12] Por otro lado, la Ley de Municipios Autónomos también requiere la aprobación previa de la Asamblea Municipal cuando el alcalde se propone tramitar todo lo relacionado con la contratación de empréstitos municipales. 21 L.P.R.A. Sec. 4109(i).