Juan R. y Luis Zalduondo Veve, et als., peticionarios y apelados; Ex parte: Puerto Rico Fertilizer Co., interventora y apelante.

No. 6711.—*Sometido:* Junio 25, 1934. *Resuelto:* Junio 30, 1934.

*J. Guzmán Benítez,* abogado de la apelante; *A. Ortiz Toro, F. González, Jr.* y *E. Campos del Toro,* abogados de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Se trata de una moción para desestimar una apelación por haberse dejado de nutificar a todas las supuestas partes necesarias. Una moción similar fué presentada en este caso y denegada por resolución fechada junio 5, 1934. Los apelados, pretendiendo estar armados de una certificación más adecuada expedídales por el secretario de la corte de distrito, solicitan nuevamente la desestimación. La teoría de la moción es que tan sólo el contador partidor y algunos de los herederos en el procedimiento de testamentaría fueron noti-

ficados de la apelación, mientras que otros herederos, el National City Bank, un acreedor, y el fiscal no fueron notificados. No estamos convencidos de que el National City Bank o el fiscal fueran partes necesarias. El escrito de apelación estaba dirigido a E. Campos del Toro, quien se admite era el abogado de algunos de los herederos. La certificación expedida por el secretario de la corte de distrito demuestra que se presentó una petición por varios herederos, suscrita por tres abogados, a saber, Francisco González, Jr., E. Campos del Toro y Raúl Benedicto, "abogados de los peticionarios." Como en dicho pleito los letrados se unieron para representar a todos los herederos, parecería que la notificación hecha a cualquiera de ellos era suficiente. Además, E. Campos del Toro era el abogado del contador partidor designado en el caso y tenemos la idea de que el contador partidor representaba temporalmente los derechos de todos los demás herederos. También tenemos alguna duda respecto a si el certificado ahora presentado es suficiente. No tenemos un convencimiento muy firme sobre las cuestiones discutidas en esta opinión, pero bajo las circunstancias creemos que la moción debe ser denegada, sin perjuicio del derecho de los apelados a renovarla cuando el caso sea visto.

*Debe declararse sin lugar la moción.*