González Román, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La apelación instada en el caso de epígrafe interesa la revocación de una sentencia emitida por el Tribunal de Primera Instancia, Sala de San Juan, el 17 de febrero de 1995. Mediante dicha sentencia se declara Sin Lugar una demanda en una acción basada en incumplimiento de contrato y daños y perjuicios por una disputa referente a la facturación de unos servicios médicos.
Seguros de Servicios de Salud de Puerto Rico, Inc., parte demandada-apelada, ha solicitado la desestimación del recurso de apelación por haber sido presentado cuando ya había transcurrido el término jurisdiccional para ello. Sostienen que el hecho de que el Tribunal de Primera Instancia haya emitido una notificación enmendada para incluir a uno de los representantes legales de la parte apelada no debe utilizarse como subterfugio para extender los términos jurisdiccionales que regulan nuestra práctica apelativa. Le asiste la razón.
I
La sentencia apelada se emitió el 17 de febrero de 1995 por el Tribunal de Primera Instancia y fue notificada, con copia del archivo en autos, el 23 de febrero de 1995. La notificación de la sentencia se dirigió a la Leda. Sheila I. Morales Fournier como representante legal de la demandante-apelante. El 2 de marzo de 1995 otra de las representantes legales de la parte apelante, la Leda. Marta Quiñones Zambrana, presentó ante el Tribunal de Primera Instancia "Moción Urgente de Demandante Sobre Notificación de Sentencia" solicitando se corrigiera la notificación de la sentencia para que se incluyera una notificación a ésta y para que la misma reflejara la fecha en que se le notificó. El 10 de marzo de 1995 el Tribunal emitió una notificación enmendada de sentencia. 
Resolvemos que la notificación inicial es suficiente en derecho por lo que la notificación enmendada no tuvo el efecto de extender o prorrogar el término jurisdiccional para acudir en alzada. Con la notificación realizada el 23 de febrero de 1995 comenzó el término jurisdiccional para instar la apelación. Una notificación enmendada no tiene el efecto de que comience a decursar un nuevo término para recurrir en apelación pues, en caso de que varios abogados representen a una sola parte, la notificación a cualquiera de ellos es suficiente, sin que haya que notificarle a todos individualmente. Ex Parte Zalduondo y P.R. Fertilizer Co. Int., 47 D.P.R. 134 (1934).
Los apelantes ulitizaron erróneamente la fecha de la notificación enmendada para solicitar una serie de remedios del Tribunal de Primera Instancia. Transcurridos diez días de la notificación enmendada, el día 20 de marzo de 1995, los demandantes-apelantes presentaron ante el tribunal apelado un escrito mediante el cual consolidaron una solicitud de reconsideración y de determinaciones de hechos adicionales. Dicha solicitud se hizo fuera de los términos provistos en las Reglas de Procedimiento Civil. Por un lado, la Regla 47 de las de Procedimiento Civil, 32 L.P.R.A. 32 Ap. Ill R. 47, dispone que la parte adversamente afectada por un dictamen judicial podrá, dentro del término de quince (15) días desde la fecha de su notificación, presentar una moción de reconsideración. Por otro lado, la Regla 43.3, 32 L.P.R.A. Ap. Ill R. 43, provee un término de diez (10) días para presentar una solicitud de enmiendas a determinaciones iniciales de hechos y conclusiones de derecho. En vista de que ambas solicitudes se presentaron a los veinticinco (25) días *903 de notificada la sentencia, éstas fueron inoficiosas al igual que las providencias dictadas por el Tribunal de Primera Instancia en tomo a las mismas.
Como consecuencia, la parte demandante-apelante presentó su escrito de apelación fuera del término jurisdiccional para acudir en alzada, ya que la presentaron el día 1ro. de mayo de 1995. La Regla 53.1 (a) de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. Ill R. 53, establece que:

"La apelación se formalizará presentando un escrito de apelación en la secretaría de la sección del tribunal que entendió el caso, y copia del mismo en la secretaría del tribunal de apelación, dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia."

Efectuado el cómputo del término desde la fecha correcta del archivo en autos de la notificación de la sentencia, o sea, desde el 23 de febrero de 1995, el término para instar el escrito de apelación vencía el día 25 de marzo siguiente. Sin embargo, por ser ese día sábado, el mismo se extendió hasta el lunes 27 de marzo de 1995. Por consiguiente, al presentarse el escrito de apelación el 1ro. de mayo de 1995, había transcurrido en exceso el término de treinta (30) días dispuestos en la Regla 53.1. Este requisito es de insoslayable cumplimiento para el trámite apelativo. Sánchez v. Municipio de Cayey, 94 D.P.R. 92 (1967); López Rivera v. Autoridad de las Fuentes Fluviales, 89 D.P.R. 414 (1963).
A pesar que la parte apelada compareció con su alegato a objetar los planteamientos señalados el día 30 de junio de 1995, en esa misma fecha sometió otro escrito titulado "Señalamiento sobre Jurisdicción del Honorable Tribunal de Circuito de Apelaciones", en el cual hace señalamientos para demostrar que este Tribunal carece de jurisdicción para entender en el caso. El Reglamento del Tribunal de Circuito de Apelaciones faculta a la parte apelada a solicitar la desestimación del recurso por falta de jurisdicción, aun luego de haber comparecido mediante su alegato, toda vez que la Regla 31 del Reglamento del Tribunal de Circuito de Apelaciones, inciso (B), entre otras cosas dispone que una parte podrá solicitar, en cualquier momento, la desestimación de un recurso cuando no tengamos jurisdicción.
En armonía con la Regla 31 antes citada, la Regla 53.1 de las Reglas de Procedimiento Civil, supra, y habiendo transcurrido en exceso el término permitido para acudir en alzada al momento en que la parte apelante interpuso su escrito de apelación, procedemos a declarar Con Lugar la moción de desestimación del recurso de apelación por falta de jurisdicción. La jurisdicción que posee un Tribunal de Justicia es de estirpe sustantiva y controla el procedimiento de nuestra práctica apelativa. Vázquez v. A.R.P.E., 129 D.P.R. _ , 91 J.T.S. 53; Gobernador de Puerto Rico v. Alcalde de Juncos, 121 D.P.R. 522 (1988); Martínez v. Junta de Planificación, 109 D.P.R. 839, 842 (1980); Maldonado v. Pichardo, 104 D.P.R. 778, 782 (1976).
POR LOS FUNDAMENTOS antes expresados se desestima este recurso por falta de jurisdicción.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cmz
Secretaria General
ESCOLIO 95 DTA 228
1. De la notificación enmendada surge que se le notificó a la Leda. Marta Quiñones de Torres, abogada de la parte apelante, a quien no se le había enviado copia de la sentencia en la primera notificación.