EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Herminio Sánchez Torres y otros <br><br> Demandantes-Peticionarios <br><br> v. <br><br> Hospital Dr. Pila y su Compañía de Seguros y otros <br><br> Demandados-Recurridos | Certiorari <br><br> 2003 TSPR 25 <br><br> 158 DPR _____ |

Número del Caso: CC-2002-36

Fecha: 26 de febrero de 2003

Tribunal de Circuito de Apelaciones:
                    Circuito Regional V

Juez Ponente:
                    Hon. Rafael Ortiz Carrión

Abogado de la Parte Peticionaria:
                    Lcdo. Héctor M. Collazo Maldonado

Abogado de la Parte Recurrida:
                    Lcdo. René W. Franceschini Pascual

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Herminio Sánchez Torres
y Otros

    Demandantes-Peticionarios

           vs.                    CC-2002-36     Certiorari

Hospital Dr. Pila y su Compañía
de Seguros y Otros

    Demandados-Recurridos

Opinión del Tribunal emitida por el Juez Asociado SEÑOR FUSTER BERLINGERI.

San Juan, Puerto Rico, a 26 de febrero de 2003.

Tenemos la ocasión para reiterar una norma sobre la notificación de escritos pautada hace varias décadas.

I

El 20 de septiembre de 1995 los peticionarios Herminio Sánchez y Jenny Rivera presentaron una demanda en el Tribunal de Primera Instancia, Sala Superior de Ponce, contra el Hospital Dr. Pila y los doctores Santos Santiago Medina y Tomás de Jesús Román. En dicha demanda se alegó que la muerte de Jenny Sánchez Rivera, ocurrida el 31 de marzo de 1994, se debió a la negligencia y error en el tratamiento brindado a ésta por los demandados.

El 14 de noviembre de 1995 el Hospital Dr. Pila compareció por primera vez ante el tribunal y anunció que el Lcdo. Rafael Torres Torres había asumido su representación legal, solicitando además una prórroga para contestar la demanda. Posteriormente, el 3 de enero de 1996, el Hospital Dr. Pila volvió a comparecer, mediante una moción informativa suscrita por el Lcdo. Rafael Torres Torres, en la cual señaló que, aun cuando su representación primaria en el caso la ostentaba el Lcdo. René W. Franceschini Pascual, el Lcdo. Rafael Torres Torres lo continuaba representando en cuanto al exceso de la reclamación no cubierto por la póliza del seguro.

El 7 de agosto de 1996 se celebró en el tribunal una conferencia sobre el estado de los procedimientos. Surge del acta de esa conferencia, fechada 3 de octubre de 1996, que tanto el Lcdo. Rafael Torres Torres como el Lcdo. René Franceschini Pascual comparecieron **"en representación del Hospital Dr. Pila"**. Entre otros asuntos, el tribunal señaló la celebración de otra conferencia similar, dio por notificado dicho señalamiento a todos los abogados, y ordenó, además, que se les notificara a ellos una copia de la minuta.

Luego de varios trámites procesales, la parte co-demandada, Dr. Santiago Medina, presentó en marzo de 2000 una moción solicitando la desestimación de la demanda del caso de autos por estar alegadamente prescrita. Dicha moción le fue notificada tanto al licenciado Torres Torres como al licenciado Franceschini Pascual.

El 20 de junio de 2001 el tribunal de instancia emitió una sentencia parcial mediante la cual desestimó las acciones de daños y perjuicios de Herminio Sánchez (padre), Jenny Sánchez (madre) y Enrique Torres (esposo) del caso de autos, por entender que éstas estaban prescritas. Dicha sentencia fue notificada al Lcdo. Rafael Torres Torres.

Inconforme con el dictamen referido, el 24 de julio de 2001 la parte peticionaria presentó oportunamente un recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones. Se certificó en el escrito correspondiente que el recurso había sido notificado, *inter alia,* tanto al Lcdo. Rafael Torres Torres como al Lcdo. René Franceschini Pascual.

**Así las cosas, el 27 de agosto de 2001, el Hospital Dr. Pila, a través del Lcdo. René Franceschini Pascual, presentó una moción mediante la cual solicitó la desestimación del recurso de *certiorari*. Alegó que no había sido notificado de dicho recurso. La parte peticionaria contestó dicha solicitud mediante una moción en oposición, en la cual adujo que por error, a partir de enero de 2001, se comenzaron a enviar los documentos para el licenciado Franceschini Pascual al P.O. Box 330950 en vez de al P.O. Box 330951. Es decir, que por equivocación se había puesto en el P.O. Box un cero (0) en vez de un uno (1). Adujo, además, que el co-demandado Hospital Dr. Pila estaba representado por dos abogados: el Lcdo. Rafael Torres Torres y el Lcdo. René Franceschini Pascual. Conforme a ello, señaló que la notificación del recurso por conducto de su abogado de récord, Lcdo. Rafael**

Torres Torres, había sido suficiente para cumplir con el requisito de notificación.

El 6 de septiembre de 2001 el Tribunal de Circuito de Apelaciones declaró no ha lugar la referida solicitud de desestimación.

Sin embargo, el 19 de septiembre de 2001 el Hospital presentó una moción reiterando la solicitud de desestimación, alegando que el Lcdo. Rafael Torres Torres sólo representaba al Hospital Dr. Pila en cuanto al exceso de los límites de la póliza de seguros, por lo que la notificación al Lcdo. Rafael Torres Torres no era suficiente para que el Hospital quedara notificado del recurso.

Entonces el Tribunal de Circuito de Apelaciones, mediante una resolución del 30 de noviembre de 2001, denegó la expedición del auto de *certiorari*. En esencia, determinó que el representante legal del Hospital Dr. Pila en el pleito lo era el Lcdo. René Franceschini Pascual, y que el Lcdo. Rafael Torres Torres sólo comparecía para representar a dicha parte en lo relativo al exceso reclamado no cubierto por la póliza de seguros. Por tal razón, concluyó que los peticionarios no habían cumplido con el requisito de notificarle su recurso a todas las partes dentro del término reglamentario.

En desacuerdo con dicho dictamen, el 10 de enero de 2002 la parte peticionaria presentó oportunamente un recurso de *certiorari* ante nos y planteó el siguiente señalamiento de error:

**Erró el Tribunal de Circuito de Apelaciones al denegar la expedición del auto de certiorari solicitado por determinar que no se notificó el recurso "a todas las partes", requisito de notificación establecido en las Reglas 53.3 y 67 Procedimiento Civil.**

El 22 de febrero de 2002 le concedimos a la parte recurrida un término para mostrar causa, si alguna tuviere, por la cual no se debía revocar la resolución del foro apelativo del 30 de noviembre de 2001, y declarar bien hecha la notificación que del recurso se hiciera al Hospital Dr. Pila. La parte recurrida compareció el 5 de abril de 2002.

Pasamos a resolver, según lo intimado.


II

La Regla 53.3 (b) de Procedimiento Civil, 32 L.P.R.A. Ap. III R.53.3, dispone lo siguiente:[1]

---

[1] En tal respecto, la Regla 13(b) del Reglamento del Circuito de Apelaciones reza de la siguiente manera:

(B) Notificación a las Partes

La parte apelante notificará el escrito por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. La notificación a las partes se hará dentro del término jurisdiccional para presentar el recurso, a partir del archivo en autos de la copia de la notificación de la sentencia.

De igual forma, la Regla 33(B) del Reglamento del Tribunal de Circuito de Apelaciones 4 L.P.R.A. Ap. XXII-A, R.33 (Supl.1997) dispone diáfanamente sobre la notificación que:

(B) La parte notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los(as) abogados(as) de récord, o en su defecto, a las partes, así como al (a la) Procurador(a) General [...]

(b) El peticionario notificará la presentación de *certiorari* a todas las partes o a sus abogados de récord dentro del término para presentar el recurso y en la forma prescrita en la Regla 67.

Por otro lado, la Regla 67.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R.67.2, dispone:

Siempre que una parte haya comparecido representada por abogado, la notificación se hará al abogado, a menos que el tribunal ordene que la notificación se haga a la parte misma. La notificación al abogado o a la parte se hará entregándole copia o remitiéndosela por correo a su última dirección conocida, o de ésta no conocerse dejándola en poder del secretario del tribunal. Entregar una copia, conforme a esta regla, significa ponerla en manos del abogado o de la parte, o dejarla en su oficina en poder de su secretario o de otra persona a cargo de la misma [...]

De las disposiciones precedentes se desprende que la notificación del recurso de revisión es de carácter jurisdiccional y debe hacerse a todas las partes en el pleito y dentro del término establecido ya sea uno jurisdiccional o de cumplimiento estricto.

Conforme a ello, este Tribunal ha resuelto en numerosas ocasiones que el incumplimiento de tal precepto priva de jurisdicción al Tribunal para entender en los méritos delrecurso de revisión. Olmeda Díaz v. Depto. de Justicia, 143 D.P.R. 596 (1997); Méndez v. Corp. Quintas de San Luis, 127 D.P.R. 635 (1991).

A la luz del derecho aplicable, procedemos a analizar los hechos del caso que nos ocupa.

III

**En el presente caso resulta indisputable el hecho de que la parte peticionaria envió la copia del recurso de *certiorari* del Lcdo. René Franceschini Pascual a una dirección incorrecta. De esta forma, tal notificación no fue efectiva. Sin embargo, tomando en consideración el hecho de que la parte recurrida ostentaba también otra representación legal que sí fue notificada correctamente, nos resta por resolver si la notificación hecha a uno de los abogados del Hospital Dr. Pila fue suficiente para perfeccionar el recurso presentado ante el foro apelativo. Veamos.**

Hace varias décadas, este Foro determinó que en casos en que varios abogados representen a una parte, la notificación a cualquiera de ellos es suficiente, sin que haya que notificarle a cada uno de dichos abogados. Véase, <u>Ex parte Zalduondo y P.R. Fertilizar Co. Int</u>., 47 D.P.R. 134 (1939). Véase, además, J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. JTS, 2000, t. II, pág. 1147. Reiteramos la norma referida.

Conforme a ello, forzoso resulta concluir que la notificación que se le hiciera al Hospital Dr. Pila, a través de uno de sus abogados, el Lcdo. Rafael Torres Torres, fue suficiente para perfeccionar el recurso. Ello es así, toda vez que el licenciado Torres Torres era abogado de récord del Hospital Dr. Pila. El hecho de que dicho abogado sólo representaba al Hospital en cuanto al exceso de lo reclamado que no estuviese cubierto por la póliza de seguro, es

totalmente irrelevante aquí pues, para los fines de la notificación del recurso, lo requerido es que el abogado conste en el récord del tribunal como representante legal de la parte, y el Lcdo. Rafael Torres Torres así constaba. Era uno de sus abogados de récord del Hospital, aunque sólo fuese para un aspecto del pleito.

Debe señalarse, además, que el asunto planteado en el recurso de *certiorari* en cuestión tenía una innegable relación con la cuestión del exceso de lo reclamado sobre el límite de la póliza. Es decir, la cuestión de la prescripción incidía sobre el aspecto de la acción para el cual el licenciado Torres Torres era abogado del Hospital. De revocarse el dictamen de prescripción por el foro apelativo, aumentaba sustancialmente la indemnización que tendría que pagar el Hospital, de ser éste responsable de lo daños que se le imputaban. De ninguna forma puede considerarse que el licenciado Torres Torres nada tenía que ver con la representación del Hospital en esta etapa de los procedimientos.

Por todo lo anterior, aun cuando la mejor práctica profesional aconseja notificarle a todos los abogados de récord, dicha omisión no es de tal envergadura que conlleve la desestimación del recurso en cuestión, máxime cuando existe una reiterada política judicial de que los casos se ventilen en los méritos.

Por los fundamentos expuestos debe expedirse el auto solicitado, y se dictarse sentencia para revocar la

resolución del foro apelativo impugnada aquí, y para devolver el caso a dicho foro a fin de que continúen los procedimientos allí, conforme a  lo aquí resuelto.


                                    JAIME B. FUSTER BERLINGERI
                                         JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Herminio Sánchez Torres
y Otros

    Demandantes-Peticionarios

        vs.                     CC-2002-36        Certiorari

Hospital Dr. Pila y su Compañía
de Seguros y Otros

    Demandados-Recurridos

SENTENCIA

San Juan, Puerto Rico, a 26 de febrero de 2003.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente, se expide el auto solicitado, y se dicta sentencia para revocar la Resolución del Tribunal de Circuito de Apelaciones, Circuito Regional V de Ponce, impugnada aquí, y para devolver el caso a dicho foro a fin de que continúen los procedimientos allí, conforme a lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez disiente por entender que la sentencia dictada por el Tribunal de Circuito de Apelaciones es esencialmente correcta.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo