HERMINIO SÁNCHEZ TORRES y OTROS, demandantes y peticionarios, *v.* HOSPITAL DR. PILA, su COMPAÑÍA DE SEGUROS y OTROS, demandados y recurridos.

*Número:* CC-2002-36          *Resuelto:* 26 de febrero de 2003

*Héctor M. Collazo Maldonado*, abogado de la parte peticionaria; *René W. Franceschini Pascual*, abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Tenemos la ocasión para reiterar una norma sobre la notificación de escritos pautada hace varias décadas.

I

El 20 de septiembre de 1995 los peticionarios Herminio Sánchez y Jenny Rivera presentaron una demanda en el Tribunal de Primera Instancia, Sala Superior de Ponce, contra el Hospital Dr. Pila y los Drs. Santos Santiago Medina y Tomás De Jesús Román. En dicha demanda se alegó que la muerte de Jenny Sánchez Rivera, ocurrida el 31 de marzo de 1994, se debió a la negligencia y al error en el tratamiento que le brindaron los demandados. El 14 de noviembre de 1995 el Hospital Dr. Pila compareció por primera vez ante el tribunal y anunció que el Lcdo. Rafael Torres Torres había asumido su representación legal, y solicitó, además, una prórroga para contestar la demanda. Posteriormente, el 3 de enero de 1996, el Hospital Dr. Pila volvió a comparecer mediante una moción informativa suscrita por el Lcdo. Rafael Torres Torres en la cual señaló que, aun cuando su representación primaria en el caso la ostentaba el Lcdo. René W. Franceschini Pascual, el Lcdo. Rafael Torres Torres lo continuaba representando en cuanto al exceso de la reclamación no cubierto por la póliza del seguro.

El 7 de agosto de 1996 se celebró en el tribunal una conferencia sobre el estado de los procedimientos. Surge del acta de esa conferencia —de 3 de octubre de 1996— que tanto el Lcdo. Rafael Torres Torres como el Lcdo. René Franceschini Pascual comparecieron "*en representación del Hospital Dr. Pila*". Entre otros asuntos, el tribunal señaló la celebración de otra conferencia similar, dio por notifi-

cado dicho señalamiento a todos los abogados y ordenó, además, que se les notificara una copia de la minuta.

Luego de varios trámites procesales, la parte codemandada, doctor Santiago Medina, presentó en marzo de 2000 una moción en la que solicitó la desestimación de la demanda del caso de autos por estar alegadamente prescrita. Dicha moción fue notificada tanto al licenciado Torres Torres como al licenciado Franceschini Pascual.

El 20 de junio de 2001 el tribunal de instancia emitió una sentencia parcial mediante la cual desestimó las acciones de daños y perjuicios de Herminio Sánchez (padre), Jenny Rivera (madre) y Enrique Torres (esposo) del caso de autos, por entender que estaban prescritas. Dicha sentencia fue notificada al Lcdo. Rafael Torres Torres.

Inconforme con el dictamen referido, el 24 de julio de 2001 la parte peticionaria presentó oportunamente un recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones. Se certificó en el escrito correspondiente que el recurso había sido notificado, *inter alia*, tanto al Lcdo. Rafael Torres Torres como al Lcdo. René Franceschini Pascual.

Así las cosas, el 27 de agosto de 2001, el Hospital Dr. Pila, a través del Lcdo. René Franceschini Pascual, presentó una moción mediante la cual solicitó la desestimación del recurso de *certiorari*. Alegó que no había sido notificado del recurso. La parte peticionaria contestó esa solicitud mediante una moción en oposición, en la cual adujo que por error, a partir de enero de 2001, se comenzaron a enviar los documentos para el licenciado Franceschini Pascual al P.O. Box *330950*, en vez de ser enviados al P.O. Box *330951*. Es decir, que por equivocación se había puesto en el P.O. Box un cero en vez de un uno. Adujo, además, que el codemandado Hospital Dr. Pila estaba representado por dos abogados: el Lcdo. Rafael Torres Torres y el Lcdo. René Franceschini Pascual. Conforme a ello, señaló que la notificación del recurso por conducto de su abo-

gado de récord, Lcdo. Rafael Torres Torres, había sido suficiente para cumplir con el requisito de notificación.

El 6 de septiembre de 2001 el Tribunal de Circuito de Apelaciones declaró no ha lugar la referida solicitud de desestimación.

Sin embargo, el 19 de septiembre de 2001 el hospital presentó una moción en la que reiteró la solicitud de desestimación. Alegó que el Lcdo. Rafael Torres Torres sólo representaba al Hospital Dr. Pila en cuanto al exceso de los límites de la póliza de seguros, por lo que la notificación al Lcdo. Rafael Torres Torres no era suficiente para que el Hospital quedara notificado del recurso.

Entonces el Tribunal de Circuito de Apelaciones, mediante Resolución de 30 de noviembre de 2001, denegó la expedición del auto de *certiorari*. En esencia, determinó que el representante legal del Hospital Dr. Pila en el pleito era el Lcdo. René Franceschini Pascual, y que el Lcdo. Rafael Torres Torres sólo comparecía para representar a esa parte en lo relativo al exceso reclamado no cubierto por la póliza de seguros. Por tal razón, concluyó que los peticionarios no habían cumplido con el requisito de notificarle su recurso a todas las partes dentro del término reglamentario.

En desacuerdo con ese dictamen, el 10 de enero de 2002 la parte peticionaria presentó oportunamente un recurso de *certiorari* ante nos y planteó el siguiente señalamiento de error:

> Erró el Tribunal de Circuito de Apelaciones al denegar la expedición del auto de certiorari solicitado por determinar que no se notificó el recurso "a todas las partes", requisito de notificación establecido en las Reglas 53.3 y 67 Procedimiento Civil. Petición de *certiorari*, pág. 4.

El 22 de febrero de 2002 le concedimos a la parte recurrida un término para mostrar causa, si alguna tenía, por la cual no se debía revocar la resolución del foro apelativo de 30 de noviembre de 2001 y declarar bien hecha la noti-

ficación que del recurso se hiciera al Hospital Dr. Pila. La parte recurrida compareció el 5 de abril de 2002.

Pasamos a resolver, según lo intimado.

## II

■ La Regla 53.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone lo siguiente:(1)

> (b) El peticionario notificará la presentación del escrito de *certiorari* a todas las partes o a sus abogados de récord dentro del término para presentar el recurso y en la forma prescrita en la Regla 67.

Por otro lado, la Regla 67.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone:

> Siempre que una parte haya comparecido representada por abogado, la notificación se hará al abogado, a menos que el tribunal ordene que la notificación se haga a la parte misma. La notificación al abogado o a la parte se hará entregándole copia o remitiéndosela por correo a su última dirección conocida, o de ésta no conocerse, dejándola en poder del secretario del tribunal. Entregar una copia, conforme a esta regla, significa ponerla en manos del abogado o de la parte, o dejarla en su oficina en poder de su secretario o de otra persona a cargo de la misma ....

De las disposiciones precedentes se desprende que la notificación del recurso de revisión es de carácter jurisdiccional y que debe hacerse a todas las partes en el pleito y

---

(1) En tal respecto, la Regla 13(B) del Reglamento del Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, dispone de la siguiente manera:

"(B) *Notificación a las partes.*—La parte apelante notificará el escrito por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. La notificación a las partes se hará dentro del término jurisdiccional para presentar el recurso, a partir del archivo en autos de la copia de la notificación de la sentencia."

De igual forma, la Regla 33(B) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, dispone diáfanamente sobre la notificación:

"(B) *Notificación del recurso a las partes.*—La parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los(as) abogados(as) de récord, o en su defecto, a las partes, así como al (a la) Procurador(a) General ...."

dentro del término establecido, ya sea jurisdiccional o de cumplimiento estricto.

Conforme a ello, este Tribunal ha resuelto en numerosas ocasiones que el incumplimiento de tal precepto priva de jurisdicción al Tribunal para entender en los méritos del recurso de revisión. *Olmeda Díaz v. Depto. de Justicia*, 143 D.P.R. 596 (1997); *Méndez v. Corp. Quintas San Luis*, 127 D.P.R. 635 (1991).

A la luz del derecho aplicable, procedemos a analizar los hechos del caso que nos ocupa.

## III

En el presente caso resulta indisputable el hecho de que la parte peticionaria envió la copia del recurso de *certiorari* del Lcdo. René Franceschini Pascual a una dirección incorrecta. De esta forma, tal notificación no fue efectiva. Sin embargo, tomando en consideración el hecho de que la parte recurrida ostentaba también otra representación legal que sí fue notificada correctamente, nos resta por resolver si la notificación hecha a uno de los abogados del Hospital Dr. Pila fue suficiente para perfeccionar el recurso presentado ante el foro apelativo. Veamos.

■ Hace varias décadas este Foro determinó que en los casos en que varios abogados representen a una parte, la notificación a cualquiera de ellos es suficiente, sin que haya que notificarle a cada uno de los abogados. Véase *Ex parte Zalduondo y P.R. Fertilizer Co., Int.*, 47 D.P.R. 134 (1934). Véase, además, J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, T. II, pág. 1147. Reiteramos la norma referida.

Conforme a ello, forzoso resulta concluir que la notificación que se le hiciera al Hospital Dr. Pila, a través de uno de sus abogados, el Lcdo. Rafael Torres Torres, fue suficiente para perfeccionar el recurso. Ello es así, toda vez que el licenciado Torres Torres era abogado de récord del

Hospital Dr. Pila. El hecho de que dicho abogado sólo representaba al Hospital en cuanto al exceso de lo reclamado que no estuviese cubierto por la póliza de seguro es totalmente irrelevante aquí, pues, para los fines de la notificación del recurso, lo requerido es que el abogado conste en el récord del tribunal como representante legal de la parte, y el Lcdo. Rafael Torres Torres así constaba. Era uno de los abogados de récord del hospital, aunque sólo fuese para un aspecto del pleito.

Debe señalarse, además, que el asunto planteado en el recurso de *certiorari* en cuestión tenía una innegable relación con la cuestión del exceso de lo reclamado sobre el límite de la póliza. Es decir, la cuestión de la prescripción incidía sobre el aspecto de la acción para la cual el licenciado Torres Torres era abogado del Hospital Dr. Pila. De revocarse el dictamen de prescripción por el foro apelativo, aumentaba sustancialmente la indemnización que tendría que pagar el hospital, de ser éste responsable de los daños que se le imputaban. De ninguna forma puede considerarse que el licenciado Torres Torres nada tenía que ver con la representación del hospital en esta etapa de los procedimientos.

Por todo lo anterior, aun cuando la mejor práctica profesional aconseja notificarle a todos los abogados de récord, esta omisión no es de tal envergadura que conlleve la desestimación del recurso en cuestión, máxime cuando existe una reiterada política judicial de que los casos se ventilen en los méritos.

Por los fundamentos expuestos, *debe expedirse el auto solicitado y dictarse una sentencia para revocar la resolución del foro apelativo impugnada aquí, y para devolver el caso a ese foro a fin de que continúen los procedimientos allí, conforme a lo aquí resuelto.*

El Juez Asociado Señor Rivera Pérez disintió por entender que la sentencia dictada por el Tribunal de Circuito de Apelaciones es esencialmente correcta.