ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **MUNICIPIO DE JUANA DÍAZ**<br>DEMANDANTE(S)-APELADA(S)<br><br>V.<br><br>**CASH AND CARRY FRIGORÍFICO-ALMACÉN SOMOS, INC.**<br>DEMANDADA(S)-APELANTE(S) | **KLAN202400912** | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **JUANA DÍAZ**<br><br>Caso Núm.<br>**JD2022CV00501** (001)<br><br>Sobre:<br>Acción Reivindicatoria |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, hoy día 8 de septiembre de 2025.

Comparece ante este Tribunal de Apelaciones, **CASH AND CARRY FRIGORÍFICO – ALMACÉN SOMOS INC. H/N/C SUPERMERCADOS PLAZA (CASH AND CARRY)** mediante *Apelación* incoada el 11 de octubre de 2024. En su escrito, nos solicita que revisemos la *Sentencia* promulgada el 12 de agosto de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Juana Díaz.[1] En dicha decisión judicial, el foro *a quo* declaró con lugar la *Demanda* instada el 5 de septiembre de 2022 por el **MUNICIPIO DE JUANA DÍAZ (MUNICIPIO)**, y le ordenó a **CASH AND CARRY** entregar la posesión de la propiedad al **MUNICIPIO**.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

---

[1] Este dictamen judicial fue notificado y archivado en autos el 12 de agosto de 2024. Apéndice de la *Apelación,* págs. 257- 262.

Número Identificador:  SEN2025_____

- I -

El 5 de septiembre de 2022, el MUNICIPIO interpuso *Demanda* sobre *acción reivindicatoria* aduciendo, en síntesis, ser propietario del solar situado en la Calle Las Vías Núm. 66 en el pueblo de Juana Díaz, Puerto Rico. En consecuencia, requirió que se declarara que la propiedad le pertenece al MUNICIPIO y se le devuelva la posesión.[2]

Tras ello, el 8 de diciembre de 2022, el MUNICIPIO presentó *Moción Informativa* en la cual confirmó que en esa misma fecha había remitido, por correo certificado con acuse de recibo, la *Notificación de Demanda y Solicitud de Renuncia al Emplazamiento* a CASH AND CARRY.[3] Más tarde, el 10 de enero de 2023, el MUNICIPIO presentó *Moción para que se Dé por Emplazado el Demandado* acompañada de la *Notificación de Demanda y Solicitud de Renuncia al Emplazamiento* debidamente signada por CASH AND CARRY.[4] Así las cosas, ese día, se dictó *Orden* declarando ha lugar la solicitud de dar por emplazado a CASH AND CARRY.[5]

El 19 de enero de 2023, CASH AND CARRY presentó una *Comparecencia y Solicitud de Prórroga para Contestar la Demanda* en la cual aceptó que el 28 de diciembre de 2022 había firmado y renunciado al diligenciamiento del emplazamiento; y suplicó un término adicional de treinta (30) días.[6] El 20 de enero de 2023, se dictaminó *Orden* declarando ha lugar el petitorio.[7]

El 24 de enero de 2023, el MUNICIPIO presentó *Moción Informativa y para Solicitar Orden*. Argumentó que CASH AND CARRY había comenzado a realizar reparaciones a la estructura y anejó varias fotografías.[8] El 30 de enero de 2023, el foro de instancia decretó *Orden* requiriéndole a CASH AND CARRY justificar en cinco (5) días porque no debían considerarse las restauraciones realizadas posteriormente a la presentación de la *Demanda* como

---

[2] Apéndice de la *Apelación,* págs. 1- 3.
[3] *Íd.*, págs. 8- 9.
[4] *Íd.*, págs. 11- 12.
[5] *Íd.*, pág. 13.
[6] Apéndice de la *Apelación*, págs. 14- 15.
[7] *Íd.*, pág. 16.
[8] *Íd.*, págs. 17- 21.

reparaciones de mala fe.[9] Al día siguiente, el **MUNICIPIO** presentó otra *Moción Informativa y para Solicitar Orden.*[10]

El 6 de febrero de 2023, **CASH AND CARRY** presentó una *Oposición a Solicitud de Orden, y Solicitud de Desestimación.*[11] Sostuvo, entre otras cosas, que tiene un *derecho de usufructo* debido a que el terreno objeto del pleito le pertenece a una tercera persona. En ese sentido, resumió que el **MUNICIPIO** no ha podido comprobar que es el titular del lote como para "recuperarlo". Seguidamente, el 7 de febrero de 2023, se emitió *Orden* requiriéndole al **MUNICIPIO** replicar a la petitoria de desestimación dentro del plazo de diez (10) días.[12] Después de una prórroga, el 27 de febrero de 2023, el **MUNICIPIO** presentó *Réplica a "Oposición a Solicitud de Orden y Moción de Desestimación.*[13] Acreditó que de la página dos (2), hecho Segundo, de la aludida escritura, se desprende que la estructura descrita enclava en un solar perteneciente al **MUNICIPIO.**

El mismo día, **CASH AND CARRY** presentó una *Moción Informativa sobre Interrupción del Término para Contestar la Demanda*; y *Notificación de Intención de Presentar Réplica en Apoyo a Solicitud de Desestimación.*[14] Reflexionó que, el término para contestar la *Demanda* quedó interrumpido ante la interpelación de desestimación.

El 15 de marzo de 2023, **CASH AND CARRY** presentó su *Réplica en Apoyo a Solicitud de Desestimación* reiteró que no procedía la acción reivindicatoria por existir incongruencia entre la descripción del terreno y el número de catastro.[15]

---

[9] *Íd.*, pág. 22.
[10] *Íd.*, págs. 23- 27.
[11] Apéndice de la *Apelación*, págs. 29- 48. Esta unida copia de la Escritura Número 52 sobre *Compraventa de Estructura* otorgada el 13 de octubre de 2015 ante el notario público Carlos Rodríguez Rivera y en la cual comparecen Julio Rivera Aponte y Plaza Tu Supermercado, Inc.
[12] Apéndice de la *Apelación*, pág. 49.
[13] *Íd.*, págs. 53- 92. Tiene anejado el *Reglamento para Establecer las Normas y Procedimiento para la Venta, Concesión y Revocación de Solares Cedidos en Usufructo por el Municipio Autónomo de Juana Díaz, Reglamento Núm. 1800* de 30 de mayo de 2017.
[14] Apéndice de la *Apelación*, págs. 93- 94 y 95- 96. El 18 de marzo de 2023, se dispuso *Orden* declarando ha lugar.
[15] Apéndice de la *Apelación*, págs. 97- 101.

A continuación, el 16 de mayo de 2023 (2:24 de la tarde), CASH AND CARRY presentó *Comparecencia de Representación Legal de la Parte Demandada.*[16] El licenciado Carlos R. Paula expuso que no había radicado moción en el caso utilizando su cuenta en SUMAC; por lo que, no recibía las notificaciones electrónicas del Tribunal. Recabó que el foro de instancia tomara conocimiento y ordenara a secretaría notificarle todas las órdenes, resoluciones, providencias interlocutorias y sentencias que sean emitidas incluyendo cualquier documento, moción o escrito que presenten las partes. A los pocos minutos, el licenciado Jaime E. Picó Rodríguez, representación legal de CASH AND CARRY, presentó *Moción de Renuncia de Representación Legal.*[17] Informó que terminaría su relación de empleo con la firma Labor Counsels LLC efectivo el 19 de mayo de 2023; CASH AND CARRY continuaría siendo representada por el licenciado Carlos R. Paula; y pidió se le autorizara su renuncia. En dicha fecha, se formuló *Orden* requiriendo notificar todo escrito relacionado a CASH AND CARRY al licenciado Carlos R. Paula.[18]

El 18 de julio de 2023, se expidieron dos (2) órdenes requiriéndole al MUNICIPIO indicar si su *Demanda* era susceptible de ser enmendada a los fines de identificar adecuadamente el predio que interesa reivindicar, así como su número de catastro; y porqué es de aplicación retroactiva el *Reglamento Núm. 1800* de 30 de mayo de 2017.[19] Entonces, el 4 de agosto de 2023, el MUNICIPIO presentó *Moción para Cumplir Orden,* entre otras cosas, imploró autorización para enmendar la *Demanda* a los fines de corregir el número de catastro.[20] Asimismo, hizo hincapié en que procede la observancia del *Reglamento* debido a que CASH AND CARRY puntualizó poseer un derecho de usufructo sobre la propiedad en cuestión, pero no ha presentado una escritura de constitución de usufructo en que el MUNICIPIO le haya otorgado

---

[16] *Íd.,* págs. 104- 105.
[17] Apéndice de la *Apelación,* págs. 106– 107.
[18] *Íd.,* pág. 108.
[19] *Íd.,* págs. 110- 111.
[20] Apéndice de la *Apelación,* págs. 115- 119.

ese derecho sobre la mencionada finca; y la sección 6.01 de dicho Reglamento contempla todos los usufructos de naturaleza comercial.

El 8 de agosto de 2023, se pronunció una *Orden* autorizando la enmienda.[21] El 14 de agosto de 2023, el **MUNICIPIO** presentó su *Demanda Enmendada*.[22] Al día siguiente, el 15 de agosto de 2023, el tribunal primario prescribió *Orden* enunciando: *"Se admite"*.[23]

Tiempo después, el 27 de noviembre de 2023, el **MUNICIPIO** presentó *Moción de Anotación de Rebeldía*.[24] Planteó que habían transcurrido más de noventa (90) días desde la presentación de la *Demanda Enmendada* y **CASH AND CARRY** no había presentado su contestación dentro del término de sesenta (60) días por estar presente el **MUNICIPIO**. En idéntica fecha, se concretó una *Orden* en la cual se le anotó la rebeldía a **CASH AND CARRY**.[25] A las pocas horas, el **MUNICIPIO** presentó *Moción para Que se Dicte Sentencia en Rebeldía.*[26] Seguidamente, **CASH AND CARRY** presentó *Solicitud de Reconsideración sobre Anotación de Rebeldía y Solicitud de Periodo de Tiempo para Contestar la Demanda Enmendada Luego de No Haber Recibido Notificación de la Presentación de la Misma.*[27] Dilucidó que no tenía conocimiento de la *Demanda Enmendada* dado que nunca recibió el correo electrónico sobre su presentación. El 28 de noviembre de 2023, el **MUNICIPIO** presentó una *Oposición a Moción de Reconsideración*.[28] Aseguró que la notificación se realizó al correo electrónico del licenciado Paula Molina.

En poco tiempo, el foro apelado discernió varias determinaciones: (i) declaró ha lugar la *Moción para Que se Dicte Sentencia en Rebeldía* [Entrada 38]; (ii) declaró no ha lugar la *Solicitud de Reconsideración sobre Anotación de Rebeldía y Solicitud de Periodo de Tiempo para Contestar la Demanda*

---

[21] *Íd.*, pág. 120.
[22] Apéndice de la *Apelación*, págs. 121- 123.
[23] *Íd.*, pág. 124.
[24] *Íd.*, pág. 125.
[25] Apéndice de la *Apelación*, pág. 126.
[26] *Íd.*, págs. 127- 128.
[27] *Íd.*, págs. 129- 132.
[28] Apéndice de la *Apelación,* págs. 133- 135.

*Enmendada Luego de No Haber Recibido Notificación de la Presentación de la Misma* [Entrada 39]; y (iii) declaró ha lugar la *Oposición a Moción de Reconsideración* [Entrada 40].[29]

El 11 de diciembre de 2023, **CASH AND CARRY** presentó una *Moción Solicitando Aclaración de Orden sobre Efecto de la Anotación de Rebeldía* en la cual alegó haber contestado la *Demanda* y no hubo cambio alguno en las alegaciones de la *Demanda*, excepto la información del número de catastro de la propiedad.[30] El 20 de diciembre de 2023, se impartió la siguiente *Orden*: "[n]ada que disponer. Previamente, se declar[ó] no ha lugar a la reconsideraci[ó]n sobre anotaci[ó]n de rebeld[í]a. La parte demandada *nunca* presentó contestaci[ó]n a Demanda. V[é]ase entradas 14, 19, 28, 32, 33, 34 y 35 en SUMAC. El t[é]rmino dispuesto en la Regla 10.1 venció sin presentar contestación a la Demanda original ni a Demanda Enmendada".[31]

En vista de eso, el 26 de diciembre de 2023, **CASH AND CARRY** presentó *Solicitud para que se Deje Sin Efecto la Anotación de Rebeldía y se Acoja la Contestación a la Demanda Enmendada;* y *Contestación a la Demanda y Defensas Afirmativas*.[32] El día 2 de enero de 2024, luego de haberse formulado *Orden* concediendo plazo, el **MUNICIPIO** presentó una *Oposición a "Solicitud para que se Deje Sin Efecto la Anotación de Rebeldía y se Acoja la Contestación a la Demanda Enmendada"*.[33] En seguida, el 5 de febrero de 2024, **CASH AND CARRY** presentó *Réplica de la Demandada a la Oposición de la Demandante a la Solicitud para que se Deje Sin Efecto la Anotación de Rebeldía y se Acoja la Contestación a la Demanda Enmendada*.[34] Un día después, el 6 de febrero de 2024, el **MUNICIPIO** presentó su *Dúplica a "Réplica de la Demandada a la Oposición de la Demandante a la Solicitud para que se Deje sin Efecto la*

---

[29] *Íd.*, págs. 135-137.
[30] Apéndice de la *Apelación*, págs. 138-140.
[31] *Íd.*, pág. 141.
[32] *Íd.*, págs. 142-147; y 148-164.
[33] Apéndice de la *Apelación*, págs. 166-168.
[34] *Íd.*, págs. 172-180.

*Anotación de Rebeldía y se Acoja la Contestación a la Demanda Enmendada".*[35]

El 9 de febrero de 2024, se determinaron varias *Órdenes,* en las cuales se mantuvo la rebeldía anotada, toda vez que, **CASH AND CARRY** no logró demostrar causa justificada.[36]

El 11 de marzo de 2024, **CASH AND CARRY** compareció ante este Tribunal de Apelaciones mediante un *Recurso de Certiorari* al cual se le asignó el alfanumérico: **KLCE202400802**.[37] El 30 de abril de 2024, este foro revisor decidió *Resolución* desestimando el recurso por falta de jurisdicción ante su presentación tardía.[38] Consiguientemente, la carta de *Mandato* fue expedida el 25 de junio de 2024.[39]

Entretanto, el 14 de junio de 2024, el **MUNICIPIO** presentó *Moción para que se Dicte Sentencia en Rebeldía*.[40] De este modo, el 8 de julio de 2024, **CASH AND CARRY** presentó una *Oposición de la Parte Demandada a Moción de la Parte Demandante Solicitando se Dicte Sentencia en Rebeldía*.[41] El 19 de julio de 2024, el **MUNICIPIO** presentó una *Réplica a "Oposición de la Parte Demandada a Moción de la Parte Demandante Solicitando se Dicte Sentencia en Rebeldía"*.[42]

El 3 de agosto de 2024, el foro apelado formuló tres (3) órdenes: (i) declarando ha lugar la *Moción para que se Dicte Sentencia en Rebeldía* [Entrada 63]; (ii) declarando no ha lugar a la *Oposición de la Parte Demandada a Moción de la Parte Demandante Solicitando se Dicte Sentencia en Rebeldía* [Entrada 64]; y (iii) declarando ha lugar la *Réplica a "Oposición de la Parte Demandada a Moción de la Parte Demandante Solicitando se Dicte Sentencia en Rebeldía"* [Entrada 66].[43] Ulteriormente, el 12 de agosto de 2024, se precisó la *Sentencia* apelada.

---

[35] *Íd.*, págs. 181- 184.
[36] *Íd.*, págs. 185- 187.
[37] Apéndice de la *Apelación*, pág. 190.
[38] *Íd.*, págs. 197- 214.
[39] *Íd.*, pág. 232.
[40] *Íd.*, págs. 215- 216.
[41] Apéndice de la *Apelación*, págs. 217- 231.
[42] *Íd.*, págs. 249- 253.
[43] *Íd.*, págs. 254- 256.

Inconforme, el 11 de octubre de 2024, **CASH AND CARRY** acudió ante este foro intermedio revisor mediante *Apelación* señalando el(los) siguiente(s) error(es):

Erró el Tribunal de Primera Instancia al dictar una sentencia en rebeldía sin la celebración de una vista a pesar de que la Demanda *no contiene suficiente "hechos correctamente alegados" que de por sí justifiquen la concesión del remedio solicitado*, conforme a la jurisprudencia del Tribunal Supremo de los Estados Unidos, que ha sido citada por el Tribunal Supremo de Puerto Rico, la cual impide dictar sentencia en rebeldía ante hechos que no han sido alegados correctamente.

Erró el Tribunal de Primera Instancia al *dictar sentencia en rebeldía sin haber celebrado una vista* para que la Parte Demandante: (1) presentara la evidencia que sustente todos los elementos requeridos en una acción reivindicatoria debido a las alegaciones ausentes de la Demanda; (2) para que demostrara el cumplimiento cabal con los requisitos legales para la acción reivindicatoria, lo cual no surge claramente de la Demanda, y (3) para que demuestre que tiene derecho al remedio solicitado.

Erró el Tribunal de Primera Instancia al anotar la rebeldía a la Apelante, a pesar de que antes de que se presentara la Demanda Enmendada (ya que la Demanda original incluso se había identificado una propiedad incorrecta), *ya que la Apelante había presentado múltiples defensas afirmativas en diferentes mociones* que habían sido presentadas ante el Tribunal de Instancia por la Parte Demandada, por lo que <u>se había trabado la controversia</u> *y no se justificaba anotar la rebeldía <u>sin al menos conceder un plazo corto</u> para presentar las alegaciones responsivas so pena de sanciones o de eliminación de las alegaciones, y más aún, cuando el Tribunal de Instancia había sido flexible con la Apelada permitiéndole enmendar las alegaciones <u>luego de presentada</u> una moción de desestimación, pero sin luego permitirle la misma flexibilidad a la Apelante concediéndole un plazo para contestar la Demanda Enmendada luego de enterarse la Apelante de que había sido presentada la misma, lo cual violenta derechos constitucionales de la Apelante.*

Erró el Tribunal de Primera Instancia al anotar injustamente la rebeldía a la Parte Demandada menos de 5 horas después de haber sido solicitado por la Parte Demandante, *luego de la Parte Demandada haber comparecido diligentemente y a tiempo en no menos de 7 ocasiones*, luego del abogado suscribiente haber expresado que no recibió la notificación de la presentación de la Demanda Enmendada, y a pesar de que *hubo una sola notificación y/o entrada en el sistema de SUMAC desde que se presentó la Demanda Enmendada (cuya notificación no fue recibida por el abogado de la Parte Demandada) y hasta la solicitud de anotación de rebeldía*, la cual también era desconocido por la representación legal de la Parte Demandada.

Erró el Tribunal de Primera Instancia al considerar admitidas y dar por buenas unas alegaciones de hechos que son materiales a la causa de acción reivindicatoria, a pesar de que *las*

*fotografías y evidencia presentada al Tribunal por la propia Parte Demandante en las mociones previas a la anotación de rebeldía muestran con meridiana claridad que no son ciertas varias alegaciones de la Demanda y que existen controversias genuinas sobre esos hechos que se dieron por admitidos* en la Sentencia a los efectos de que supuestamente "en dicha propiedad hay una estructura que se encuentra en total estado de ruinas y colapsada, y que representa un riesgo a la salud y seguridad de los residentes y visitantes del Municipio de Juana Díaz".

Erró el Tribunal de Primera Instancia al concluir que la Parte Demandante cumplió con todos los requisitos para una acción reivindicatoria y al no aplicar correctamente *la Regla 45.2 de Procedimiento Civil que dispone que el Tribunal dictará sentencia a base de los hechos correctamente alegados* en la demanda sin necesidad de celebrar un juicio, a menos que para poder dictar la sentencia sea necesario recibir prueba y "(c) comprobar la veracidad de cualquier alegación, o (d) hacer una investigación de cualquier otro asunto".

Erró el Tribunal de Primera Instancia al privar de su día en corte a la Parte Demandada, al anotarle la rebeldía y luego dictar sentencia en rebeldía eliminando las defensas de la Parte Demandada que están directamente relacionadas con los requisitos legales para que pueda prosperar la causa de acción presentada, *habiendo el Tribunal ignorado dichos requisitos legales y la evidencia que había en el récord del caso hasta a esa fecha,* y sin ni siquiera celebrar una vista y sin contemplación alguna de las circunstancias particulares de este caso, **todo lo cual provoca un grave fracaso de la justicia**.[44]

El 17 de octubre de 2024, intimamos *Resolución* en la cual, entre otras cosas, concedimos un término perentorio de treinta (30) días al **Municipio** para presentar su alegato en oposición. El 22 de noviembre de 2024, el **Municipio** oportunamente presentó una *Moción en Breve Prórroga* solicitado un término adicional para presentar su alegato. Finalmente, luego de habérsele concedido una prórroga, el 6 de diciembre de 2024, el **Municipio** compareció mediante su escrito intitulado *Alegato del Apelado Municipio de Juana Díaz*.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

---

[44] (énfasis suplido).

## - II -

### - A - *Rebeldía*

La figura jurídica de la *rebeldía* se refiere a "la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal".[45] Nuestro ordenamiento procesal permite que se declare en *rebeldía* a una parte en cuatro (4) instancias, a saber: (1) por no comparecer al proceso después de haber sido debidamente emplazada; (2) por no contestar o alegar dentro del término concedido por ley, habiendo comparecido mediante alguna moción previa de dónde no surja la intención clara de defenderse; (3) por negarse a descubrir su prueba después de habérsele requerido mediante los métodos de descubrimiento de prueba; o (4) simplemente cuando la parte ha incumplido con alguna orden del tribunal.[46]

Uno de los propósitos del mecanismo de la *rebeldía* es desalentar el uso de la dilación como estrategia de litigación. Este concepto se encuentra instituido en la Regla 45.1 de las de Procedimiento Civil de 2009 en la cual se dispone:

> *Anotación*
>
> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.[47]

La consecuencia jurídica de anotar la *rebeldía* a una parte en un pleito será "que se den por admitidas las aseveraciones de las alegaciones

---

[45] Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, Lexis Nexis, (2017), págs. 327.
[46] *Íd.,* págs. 327- 328.
[47] 32 LPRA Ap. V, R. 45.1.

afirmativas" correctamente incluidas en la *Demanda*.[48] Si bien existe una política judicial que prefiere que los casos se vean en sus méritos, **no se puede descartar que tanto los litigantes como el resto de la sociedad tienen un interés en que los casos se adjudiquen dentro de un periodo de tiempo razonable**.[49]

De otro lado, la Regla 45.3 de las de Procedimiento Civil de 2009, estatuye la facultad de un tribunal para dejar sin efecto una anotación de *rebeldía* por *causa justificada*. Igualmente, autoriza que se deje sin efecto la anotación luego de que se haya dictado *Sentencia*. Nuestro Tribunal Supremo ha dilucidado que los criterios inherentes a la Regla 49.2 de las de Procedimiento Civil de 2009 sobre solicitud de relevo de una sentencia dictada en rebeldía son: (1) si el peticionario tiene una buena defensa en sus méritos; (2) el tiempo que media entre la sentencia y la solicitud de relevo; y (3) el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia.[50]

En cualquier caso, aunque la facultad de un foro de instancia para dejar sin efecto una anotación de *rebeldía* al amparo de la Regla 45.3 de las de Procedimiento Civil de 2009 se enmarca en la existencia de *justa causa*, se debe interpretar liberalmente, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la *Sentencia* en *rebeldía*, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos.[51]

En definitiva, al ejercer su discreción en los casos en que se solicita levantar una anotación de *rebeldía*, los jueces y juezas de los foros de primera instancia deben procurar un balance entre la deseabilidad de dar por terminados los pleitos y estos se resuelvan en sus méritos.[52] Esto es, en nuestra jurisdicción impera "una clara política pública judicial de que los

---

[48] *Martínez Rodríguez v. Lang Correa*, 213 DPR 221 (2023); *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93 (2001).
[49] *Menéndez Lebrón v. Rodríguez Casiano*, 203 DPR 885 (2023).
[50] *Neptune Packing Corp. v. The Wackenhut Corp.*, 120 DPR 283, 294 (1988).
[51] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 591- 592 (2011).
[52] *Neptune Packing Corp. v. The Wackenhut Corp., supra,* pág. 294.

casos se ventilen en sus méritos".[53] "Ausente el perjuicio que pudiera ocasionar a la otra parte, se debe propiciar la adjudicación de los pleitos en sus méritos".[54].

### - B – *Debido Proceso de Ley*

El *debido proceso de ley* es un derecho fundamental reconocido en nuestra Constitución y en la de los Estados Unidos.[55] Sustancialmente, el derecho a un *debido proceso de ley* se manifiesta en dos (2) vertientes: la sustantiva y la procesal. Para que un procedimiento cumpla con el *debido proceso de ley* en su vertiente procesal debe cumplir con los siguientes requisitos: (1) notificación adecuada del proceso; (2) el proceso sea ante un juzgador imparcial; (3) la parte afectada tenga la oportunidad de ser oída; (4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de abogado; y (6) la decisión se base en el expediente del caso.[56]

En el contexto de como se hace la notificación, cuando una parte esta representada legalmente, se notifica al abogado y no a la parte, a menos que el tribunal ordene que se haga a la parte misma.[57] **En los casos en que una parte esté representada por más de un abogado, bastará con notificar a uno, sin que haya que notificarle a cada uno de los letrados.**[58]

### - III -

En su *Apelación*, **Cash and Carry** punteó que el tribunal primario erró: (i) al dictar *Sentencia* en rebeldía sin la celebración de una vista a pesar de que la *Demanda* no contiene suficientes "hechos correctamente alegados" que de por si justifiquen la concesión del remedio solicitado; (ii) al dictar *Sentencia* en rebeldía sin haber celebrado una audiencia para que el

---

[53] *Menéndez Lebrón v. Rodríguez Casiano*, supra; *Sierra Quiñones v. Rodríguez Luciano*, 163 DPR 738, 745 (2005).
[54] *Id.*
[55] Art. II Sec. 7, Const. ELA, LPRA Tomo I; Emda. V y XIV, Const. EE.UU.
[56]*López y otros v. Asoc. De Taxis de Cayey*, 142 DPR 109, 114 (1996).
[57] 32 LPRA Ap. V, R. 67.2.
[58] *Sánchez Torres v. Hospital Dr. Pila*, 158 DPR 707 (2007); Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta edición, Lexis Nexis, (2017), pág. 217. (énfasis nuestro).

**MUNICIPIO** presentara evidencia que sustente todos los elementos requeridos en una acción reivindicatoria; (iii) al anotar rebeldía a **CASH AND CARRY** pese a haberse identificado incorrectamente la propiedad y sin concederle un plazo corto para presentar alegación responsiva y habiendo sido flexible con el **MUNICIPIO** al permitirle enmendar la *Demanda*; (iv) al anotar injustamente la rebeldía a **CASH AND CARRY** a menos de cinco (5) horas de haberse solicitado por el **MUNICIPIO** y haberse expresado que no había recibido la notificación de la presentación de la *Demanda Enmendada*; (v) al considerar admitidas y dar por buenas las alegaciones de hechos que son materiales a la causa de acción reivindicatoria pese a que las fotografías y evidencia presentada por el **MUNICIPIO** muestran con meridiana claridad que no son ciertas las alegaciones; (vi) al concluir que el **MUNICIPIO** cumplió con todos los requisitos para una acción reivindicatoria y no aplicar correctamente la Regla 45.2 de las de Procedimiento Civil; y (vii) al privar de su día en corte a **CASH AND CARRY**, al anotarle la rebeldía y dictar *Sentencia* en rebeldía eliminando sus defensas.

En cambio, el **MUNICIPIO** detalló que es el propietario del predio de un terreno que ubica en la entrada del pueblo de Juana Díaz y colinda con una quebrada de gran tamaño. Concretó que la estructura en cuestión lleva muchos años abandonada y se encuentra completamente inhabitable.[59] Mencionó que una vez **CASH AND CARRY** advino en conocimiento de la *Demanda*, comenzó a realizarle mejoras exteriores a la estructura para que no pareciera estar abandonada. El **MUNICIPIO** particularizó que en conformidad con la escritura es el propietario del terreno y **CASH AND CARRY** poseía un derecho usufructuario. Ultimó que después de interponerse la *Demanda Enmendada*, **CASH AND CARRY** no contestó o replicó dentro del

---

[59] El **MUNICIPIO** reafirmó que la propiedad carece de puertas y algunas ventanas. Tampoco cuenta con los servicios básicos de agua potable y electricidad. Subrayó que la estructura está a punto de colapsar y es frecuentada por usuarios de sustancias controladas como "hospitalillo". *Alegato del Apelado Municipio de Juana Díaz*, pág. 2.

término reglamentario de sesenta (60) días, por lo que, procedió a solicitar la anotación de *rebeldía*.

CASH AND CARRY presentó múltiples señalamientos todos dirigidos a impugnar la *Sentencia*; por encontrarse intrínsecamente relacionados los errores: 1, 2, 3, 4 y 7 discutiremos los mismos de forma conjunta.

Tras justipreciar la totalidad del expediente, observamos que inicialmente las notificaciones de las resoluciones y las órdenes del tribunal, así como los escritos o mociones presentados por el MUNICIPIO, fueron remitidos, en primer lugar, al licenciado Jaime E. Picó Rodríguez, representación legal de CASH AND CARRY. Inclusive, notamos que varios escritos, como por ejemplo la *Oposición a Solicitud de Orden y Solicitud de Desestimación* presentada el 6 de febrero de 2023 fue firmada por ambos licenciados: Picó Rodríguez y Paula Molina.[60]

Del mismo modo, a partir de cuándo CASH AND CARRY presentó el 16 de mayo de 2023, su *Comparecencia de Representación Legal de la Parte Demandada* exponiendo que "no ha radicado una moción en este caso utilizando su cuenta de SUMAC por lo que, al presente, no recibe copia de las notificaciones electrónicas..." se comenzó a incluir en las notificaciones al licenciado Paula Molina.[61] Posteriormente, CASH AND CARRY informó que el licenciado Picó Rodríguez renunciaba y el licenciado Paula Molina continuaría con la representación legal.

Por consiguiente, el 14 de agosto de 2023, el MUNICIPIO presentó su *Demanda Enmendada* y surge claramente del historial judicial (SUMAC) que CASH AND CARRY estaba siendo notificado debidamente por conducto del licenciado Paula Molina. Aun así, no fue hasta el 26 de diciembre de 2023, que CASH AND CARRY presentó su *Solicitud para que se Deje Sin Efecto la*

---

[60] Apéndice de la *Apelación*, págs. 29– 39. Del expediente físico y del electrónico se desprende que a lo largo del tracto del caso hubo escritos presentados por CASH AND CARRY que fueron suscritos tanto por el licenciado Picó Rodríguez como por el licenciado Paula Molina cuyas direcciones electrónicas son: *pico@laborcounsels.com* y *paula@laborcounsels.com* respectivamente.

[61] Apéndice de la *Apelación*, págs. 104- 105.

*Anotación de Rebeldía y se Acoja la Contestación a la Demanda Enmendada;* y *Contestación a la Demanda y Defensas Afirmativas.*

Por ende, no nos persuade el argumento de **CASH AND CARRY** sobre su representación legal no estar recibiendo oportunamente las notificaciones de las resoluciones u órdenes del tribunal o las mociones o escritos del **MUNICIPIO,** toda vez que, desde mayo de 2023, el licenciado Paula Molina ha recibido las notificaciones adecuadamente a su correo electrónico mediante el sistema electrónico de SUMAC.

En ese sentido, la jurisprudencia es clara; y el Máximo Foro opinó en *Sánchez y otros v. Hospital Dr. Pila* que "en casos en los que varios abogados representen a una parte, la notificación a cualquiera de ellos es suficiente, sin que haya que notificarle a cada uno de los abogados.[62] Ello implica que, en resumidas cuentas, tanto el licenciado Picó Rodríguez como el licenciado Paula Molina recibieron oportunamente todas las notificaciones del tribunal por medio de SUMAC. En pocas palabras, habiendo sido **CASH AND CARRY** debidamente notificada de la *Demanda Enmendada*, transcurrido en exceso el término para replicar y no existiendo una *justa causa* para la demora en la presentación de una alegación responsiva, procedía la anotación de *rebeldía*.

Ahora bien, al ejercer su discreción para levantar la anotación de *rebeldía*, el tribunal debió determinar si existía una *justa causa.* Más aún, el 9 de febrero de 2024, el foro primario elucidó que se mantenía la anotación de rebeldía por no haberse mostrado causa justificada.[63] En la *Sentencia*, se especificó que **CASH AND CARRY** no derrotó la presunción de la Regla 304 (23) de las de Evidencia.[64] Ciertamente, no se puede avalar como subterfugio la alegación de no haber recibido por correo electrónico la notificación de la presentación de la *Demanda Enmendada*, pues "transcurrió el tiempo sin que

---

[62] 150 DPR 707 (2003). Refiérase además *Ex parte Zalduondo y PR Fertilizer Co., Int.*, 47 DPR 134 (1934).
[63] Apéndice de la *Apelación*, págs. 185- 187.
[64] Dicho inciso lee: (23) Una carta dirigida y cursada por correo debidamente, fue recibida en su oportunidad.

nos percatásemos de ese hecho y no pudimos presentar antes las alegaciones responsivas" cuando desde mayo de 2023 todos los documentos han sido remitidos al correo electrónico del licenciado Paula Molina que surge del RUA y coincide con su dirección electrónica contenida en sus escritos.[65]

En definitiva, colegimos que el tribunal primario no erró ni abusó de su discreción, cometió perjuicio o error manifiesto al dictar la *Sentencia* en rebeldía al amparo de la Regla 45.2 de las de Procedimiento Civil de 2009 y declarar ha lugar la *Demanda Enmendada* interpuesta por el **MUNICIPIO,** toda vez que, su determinación es esencialmente correcta y encontró fundamento en los documentos que obran en el expediente judicial. En conclusión, **no** se incidió en los errores señalados.

Ante el hecho de que determinamos que el foro apelado **no** incidió, se torna innecesaria la discusión de los errores 5 y 6.

**- IV -**

Por los fundamentos que anteceden, ***confirmamos*** la *Sentencia* pronunciada el 12 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Juana Díaz.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Lebrón Nieves concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[65] Recurso de *Apelación*, pág. 24.